corner. of Thirty-Fourth street. and Eighth avenue, waiting for a downtown car; that he saw one coming towards him; that he put up his hand, as a signal to the car to stop; that the car began to slow down, but did not stop; that he then ran towards it; and that as it got below the crossing, and while still in motion, he attempted to get on, and had one hand on the rail and one foot on the step of the car, when the car suddenly started, and he was thrown to the ground and received the injuries complained of. It also appears from his testimony that the car had passed the downtown crossing. There is no testimony showing that the car slowed down in response to the signal or call of the plaintiff, nor does it appear that either the grip-man or the conductor became aware that the plaintiff desired or was attempting to board the car. For aught that appears, the slacken-ing of the speed of the car while passing the crossing may have been due to a cause other than the signal of the plaintiff; and, in the ab-sence of proof that such reduction of speed was made in response to plaintiff's efforts to. attract attention, he has no ground for assuming that such change in the speed of the car was made. for his benefit or convenience. It therefore affirmatively appears that the plaintiff was guilty of contributory negligence. Upon the question of defend-ant's negligence the case is as consistent with the exercise of due care as with negligence, and this is not enough. The judgment should be reversed.

Judgment reversed, and new trial ordered, with costs to the appel-lant to abide the event.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.

---

(27 Misc. Rep. 502.)

SYMONS v. METROPOLITAN ST. RY. CO.

(Supreme Court, Appellate Term. May 24, 1899.)

DAMAGES—PERSONAL INJURIES—EVIDENCE.

 In an action for personal injuries, evidence as to average earnings for a reasonable time before and after the injury is competent on the measure of damages, it appearing that defendant, a commercial traveler, missed his first fall trip in his business, and suffered pain for a year.

Appeal from city court of New York, general term.

Action by Samuel Symons against the Metropolitan Street-Railway Company. There was a judgment for plaintiff, and defendant ap-peals. Affirmed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-TRITT, JJ.

Henry A. Robinson, for appellant.
Julius Lehmann, for respondent.

FREEDMAN, P. J. This is an appeal from a judgment of the gen-eral term of the city court affirming a judgment entered upon the verdict of a jury awarding the plaintiff the sum of $650 as damages for a violent and brutal attack made upon him in August, 1896, by an employé of the defendant. The only substantial question involved

in the appeal relates to the admission of testimony at the trial as to plaintiff's earnings during the years 1895, 1896, and 1897. The case shows that there was evidence as to plaintiff's condition in life, and as to his business, which was that of a commercial traveler in the wholesale line, and that in consequence of the injuries inflicted upon him he had missed the first fall trip in his business in the year 1896 as a commercial traveler, and that he suffered pain from the injuries received for about one year. Upon the whole, a proper foundation was laid for the introduction of evidence as to the earnings referred to, and such evidence was properly admitted under the decision of the court of appeals in Ehrgott v. City of New York, 96 N. Y. 264. True, the decision was made with reference to average earnings before the injury, but upon the same principle evidence is admissible as to average earnings for a reasonable subsequent period. Moreover, the evidence as to subsequent average earnings was neither sufficiently objected to nor did it prejudice the defendant, but was beneficial to it, for it showed that during the last six months of 1897 the plaintiff earned more than he had earned before the injury. The judgment should be affirmed.

Judgment affirmed, with costs to respondent.

MacLEAN, J., concurring. LEVENTRITT, J., taking no part.