[S. F. No. 4196.   In Bank.—December 2, 1907.]

## THOMAS S. BONNEAU, Respondent, v. NORTH SHORE RAILROAD COMPANY, Appellant.

Negligence—Common Carriers of Passengers.—A carrier of passengers is held to the exercise of the highest degree of care for their safety and transportation, and liable for any injury sustained by them in the course of transportation through failure to exercise such care.

Id.—Proof of Injury—Prima Facie Case.—Where an action is brought by a passenger against a carrier to recover for injuries, he makes a *prima facie* case against the carrier when he shows that his injuries were sustained by some accident happening to the train on which he was riding, in the course of its operation by the carrier. Such proof raises a presumption of negligence on the part of the carrier in the operation of the train, and the burden is then thrown on it to show that the injury sustained by the plaintiff was without negligence on its part.

ID.—INSTRUCTIONS—PRESUMPTION OF NEGLIGENCE.—In an action by a passenger to recover for damages resulting from the overturning of a train it is proper to instruct the jury that "the fact that the train did so overturn is all that he (plaintiff) need establish in order to recover for such injuries as he may have sustained unless his want of ordinary care contributed to such overturning or to his injury. In order to rebut this presumption of negligence the defendant must show that the overturning was the result of inevitable casualty or of some cause which human care and foresight could not prevent, for the law holds it responsible for the slightest negligence and will not hold it blameless except upon the most satisfactory proofs. In doing this the defendant must necessarily explain how the overturning occurred, and if it fails to do this, the presumption of negligence remains."

ID.—BURDEN OF PROOF.—In such an action it is not error to instruct the jury "That the plaintiff was a passenger of the defendant, and that the car in which he was riding was derailed or overturned without his fault, is all that the plaintiff need establish in the first instance in order to recover for such injuries as may have been proximately caused him thereby. When the plaintiff has done this, the legal presumption arises that the derailment or overturning of the car occurred through the negligence of the defendant, and the burden of proving that there has been no negligence is cast upon the defendant." Such instruction has nothing to do with declaring any rule as to the burden of proof in the case,—that is, the burden of proving by a preponderance of evidence the negligence of the defendant,—which always remains with the plaintiff and never shifts.

ID.—INSTRUCTION ALREADY GIVEN.—In such an action the refusal, at the request of the defendant, to instruct the jury that "if the railroad company has shown the exercise of the required degree of care, it is not obliged to go further and explain the cause of the accident," is not error if the pertinent parts of such instruction were embodied in other portions of the charge.

ID.—DAMAGES—LOSS OF TIME—EARNINGS OF PLAINTIFF.—As elements of the damage which plaintiff, an insurance solicitor, is entitled to recover in such action as pecuniary loss are the value of his time for the period during which he was disabled by the injuries, and if the injuries impaired his capacity for future earnings such an amount as would compensate him for loss of such capacity, and in that connection the evidence of the plaintiff himself as to what his earnings were for a number of years and. immediately prior to the accident is admissible.

ID.—VERDICT WHEN NOT EXCESSIVE.—A verdict for the plaintiff in an action to recover damages for personal injuries resulting from the negligence of the defendant will not be interfered with on appeal on the ground that is was excessive, unless it appears to be so excessive that the award can be sustained on no other theory than

that it was the result of passion or prejudice on the part of the jury. In this case a verdict for seventy-five hundred dollars cannot be held excessive.

APPEAL from an order of the Superior Court of Marin County refusing a new trial. Thomas J. Lennon, Judge.

The facts are stated in the opinion of the court.

Jesse W. Lilienthal, and J. W. Cochrane, for Appellant.

John Flournoy, and Thomas P. Boyd, for Respondent.

LORIGAN, J.—This action was brought by plaintiff to recover damages for personal injuries sustained by him on June 21, 1903, through the derailment, overturning, and wrecking of one of defendant's passenger cars in which he was a passenger, occasioned, it is alleged, through the negligence of defendant in operating its train between Tomales and San Anselmo, in Marin County.

Plaintiff obtained a verdict and judgment for seventy-five hundred dollars, and defendant appeals from an order denying its motion for a new trial.

The points made on appeal relate to certain instructions given and to other certain instructions refused; rulings as to evidence offered and the sufficiency of the evidence to justify the amount of the verdict.

The evidence showed that the train of defendant on which plaintiff was a passenger, consisted of an engine, tender, and one passenger coach; that as the train was passing over a bridge across a small creek near Point Reyes, the passenger coach, in which plaintiff was riding, left the rails, turned over and was precipitated into the creek, the plaintiff sustaining thereby the injuries for which he sought compensation.

As to the instructions attacked by appellant:

The court instructed the jury that "the fact that the train did so overturn is all that he (plaintiff) need establish in order to recover for such injuries as he may have sustained unless his want of ordinary care contributed to such overturning or to his injury. In order to rebut this presumption of negligence the defendant must show that the overturning

was the result of inevitable casualty or of some cause which
human care and foresight could not prevent, for the law
holds it responsible for the slightest negligence and will not
hold it blameless except upon the most satisfactory proofs.
In doing this the defendant must necessarily explain how the
overturning occurred, and if it fails to do this, the presumption
of negligence remains.''

There can be no question of the accuracy of the general
principle of law contained in this instruction. A carrier of
passengers is held to the exercise of the highest degree of care
for their safety and transportation and liable for any injury
sustained by them in the course of transportation through
failure to exercise such care. And where an action is brought
by a passenger against a carrier to recover for injuries, he
makes a *prima facie* case against the carrier when he shows
that his injuries were sustained by some accident happening
to the train on which he was riding in the course of its
operation by the carrier. Such proof raises a presumption
of negligence on the part of the carrier, in the operation of
the train, and the burden is then thrown on it to show that
the injury sustained by plaintiff was without negligence on
its part. This has been the rule in this state for upwards of
forty years, being first announced in *Boyce* v. *California Stage
Co.,* 25 Cal. 468, and since reaffirmed, among other cases, in
the recent case of *McCurrie* v. *Southern Pacific Co.,* 122 Cal.
561, [55 Pac. 324].

Counsel for appellant, however, criticise the last portion
of the instruction given, in which it is declared to be the duty
of the defendant to explain the cause of the overturning of
the car, insisting that the defendant was not called on to prove
how it overturned—what was in fact the cause of its over-
turning—but only that it occurred without any negligence on
the part of the defendant. But taking into consideration the
entire instruction, it is apparent that the portion criticised
only casts on the defendant the duty of showing that fact.
The explanation that the defendant is required to make, as
the instruction states it, is one which will show that the
accident was the result of inevitable casualty, or that it
resulted from some cause which care and prudence on the
part of the carrier could not have prevented; in other words,
that the accident was the result of some cause other than

the negligence of the carrier itself. This is the only explanation the instruction calls for; was the only one which was stated and reiterated in the other instructions to the jury given by the court of its own motion and at the instance of the defendant; and was the one to which the evidence on the part of defendant was addressed. The instruction as given was taken from the language of the court in the Boyce case, and is in the exact language of an instruction given in the case of *Mitchell* v. *Southern Pacific Co.*, 87 Cal. 62, [25 Pac. 245], and approved by this court as a correct statement of the law.

It is also insisted that the court erred in giving another instruction. It told the jury: ''That the plaintiff was a passenger of the defendant, and that the car in which he was riding was derailed or overturned without his fault, is all that the plaintiff need establish in the first instance in order to recover for such injuries as may have been proximately caused him thereby. When the plaintiff has done this, the legal presumption arises that the derailment or overturning of the car occurred through the negligence of the defendant, and the burden of proving that there has been no negligence is cast upon the defendant.'' Complaint is made that this instruction incorrectly declares the rule as to the burden of proof, the position of the appellant being that in an action where the only question is as to the negligence of the defendant, the burden of proof is always upon the plaintiff to show by a preponderance of the evidence such negligence; that the burden of proof never shifts, and that it was error to instruct the jury that ''the burden of proving that there has been no negligence is cast upon the defendant''; that in effect this was to instruct the jury that the burden was cast upon it to prove by a preponderance of evidence that it was not negligent. But it is quite clear that this instruction had nothing to do with declaring any rule as to the burden of proof in the case; that is, the burden of proving by a preponderance of evidence the negligence of defendant; this is always on the plaintiff and never shifts. All that is declared by the instruction criticised is that as a presumption of negligence on the part of the carrier arises from proof of the overturning of the car in which plaintiff was riding, which, in the absence of any evidence on the part of defendant meeting it, would entitle the plaintiff to recover, it is incumbent on the defend-

ant, if it would avoid the effect of the presumption, to produce evidence of equal or greater weight to meet or overcome it, or it will prevail.

That there was no error in the giving of the instruction complained of, and that the construction placed upon it by appellant is unwarranted, is so clearly established by the authorities in this state that further general discussion of the proposition would be unprofitable. In the recent case of *Cody* v. *Market St. Ry. Co.*, 148 Cal. 90, [82 Pac. 666], the following instruction given by the trial court was presented for review: "Hence, when it is shown that the injury to the passenger was caused by the act of the carrier, in operating the instrumentalities employed in his business, there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negligence on his part." It will be observed that there is no essential difference between the instruction immediately quoted and the one involved at bar; there is a difference in phraseology only.

In the Cody case, discussing the objection urged against the instruction there presented, this court said: "It is claimed that the court erred in giving this instruction. It is suggested that the effect of this instruction was to make it incumbent on defendant to overcome the showing of plaintiff by a preponderance of evidence, whereas, under the universally recognized rule, no verdict could be rendered for plaintiff in the absence of a preponderance of evidence showing negligence on the part of defendant. That this contention is not well founded is shown by the opinion of this court in several cases where the question has been discussed. Such an instruction simply informs the jury that when the facts stated therein are shown, a presumption of negligence on the part of the carrier arises, which is sufficient to make out a *prima facie* case for the plaintiff, and requires the defendant to meet the case thus made, or, in other words, to answer the *prima facie* case, or it will prevail. But it does not require a defendant to show want of negligence by a preponderance of evidence. It does no more than to require him to make such showing as to want of negligence as will leave the jury, with all the evidence before it, unsatisfied as to whether there was negligence on defendant's part, and if, on the whole

case, the scale does not preponderate in favor of the pre-sumption of negligence, and against the defendant's proof, plaintiff is not entitled to a verdict, for he has not established his case by a preponderance of evidence, as he was com-pelled to do under the well-settled rule. The term 'burden' or 'burden of proof' is frequently used to signify simply the burden of meeting a *prima facie* case, rather than the burden of producing a preponderance of evidence, and as used in the instruction in question imported nothing more."

The distinction pointed out is equally shown in previous decisions (*Scott* v. *Wood*, 81 Cal. 398, 400, [22 Pac. 871]; *Kahn* v. *Triest etc. Co.*, 139 Cal. 340, 344, [73 Pac. 164]; *Patterson* v. *S. F. and S. M. Ry. Co.*, 147 Cal. 178, 183, [81 Pac. 531]; *Valente* v. *Sierra Ry. Co.*, 151 Cal. 534, [91 Pac. 481]), which are conclusive against the objection to the validity of the instruction urged by appellant.

Neither, when we examine the entire charge of the court, is there any room for reasonable contention that the jury could have understood the instruction in question to mean anything more than that the defendant was required to meet by evidence the presumption of negligence arising from the derailment and overturning of the car, or that it should prevail and warrant a verdict for the plaintiff. . In eight separate instructions the jury was told by the trial court that the plaintiff, in order to recover, must prove negligence on the part of the defendant by a preponderance of the evidence. They were also told three several times in the instructions that if they found that the evidence in the case on the question of negligence was equally balanced, they should return a verdict for defendant, and, at the request of the defendant, the court instructed the jury that the pre-sumption of negligence arising from the happening of the accident was not a conclusive presumption, but might be re-butted by the defendant; that in rebutting the presumption it was not necessary for the defendant to overcome it by a preponderance of evidence; that it was sufficient if it intro-duced enough evidence simply to balance the presumption, for in that event the presumption was overcome in the eye of the law. With these instructions before them there could be no misconstruction by the jury of the instruction we have been considering.

It is next claimed that the court erred in refusing to give the following instruction tendered by defendant: "If the railroad company has shown the exercise of the required degree of care, it is not obliged to go further and explain the cause of the accident."

All that was pertinent in this instruction was, however, embodied in the instructions given. The jury was told that the law permits the defendant, in answer to any presumption of negligence, to show the facts connected with the accident, and if it appear from them and on the whole evidence that the company had used proper care, the presumption of negligence was overcome, and that if at the time of such derailment the train was being operated with proper care, and, further, that the roadbed, ties, and rails at such time and place were constructed, laid, and maintained with proper care, and that, from some unforeseen cause, not to be anticipated by the defendant in the exercise of the required degree of care, the wheels left the rail, the railroad company would not be responsible. This was a correct statement of what showing would relieve the defendant from liability, and embraced all that was really material in the instruction refused.

These are the only points made on the instructions.

As to the rulings on the admission of evidence. Plaintiff at the time of the accident was, and for many years prior thereto had been, an insurance solicitor for the New York Life Insurance Company, receiving commissions upon all business secured by him and written by said company. Over the objection of defendant he was allowed to testify to the commissions earned by him for several years prior to the accident, which during that period varied in amounts from two thousand dollars to three thousand seven hundred dollars per annum. It is insisted that it was error to allow this proof. We think not. As elements entering into the damage which plaintiff was entitled to receive as pecuniary loss were the value of his time for the period during which he was disabled by the injuries, and if the injuries impaired his capacity for future earnings, such an amount as would compensate him for loss of such capacity. We know of no better method, and none has been suggested, whereby proof of such pecuniary loss can be presented to the jury than by the testimony of the plaintiff himself as to what his earnings as

insurance solicitor were for a number of years and immediately prior to the accident. Naturally the earnings of one following a vocation such as the plaintiff was engaged in, as they varied in the past, must be uncertain as to the future, but evidence as to what they were in the past must furnish the best basis from which the jury may determine the extent of the pecuniary loss plaintiff has sustained as to either or both of the elements of damage suggested. The authorities sustain the admissibility of such evidence. (*Ehrgott* v. *City of New York*, 96 N. Y. 264, [48 Am. Rep. 622]; *Symons* v. *Metropolitan St. Ry. Co.*, 58 N. Y. Supp. 327, [27 Misc. Rep. 502]; *Missouri etc. R. R.* v. *Vance*, (Tex. Cr. App.), 41 S. W. 167.)

As to the other points made by appellant on the rulings as to evidence, we deem them so untenable as to require neither mention nor discussion.

Lastly, it is claimed that the damages are excessive. We can only disturb a verdict in this class of cases for that reason when it appears that the damages are so excessive that the award can be sustained on no other theory than that it was the result of passion or prejudice on the part of the jury. Nothing of the kind appears here. The evidence in the case justified the jury in finding that the plaintiff had been damaged upwards of two thousand dollars for expenses—medical services, nursing, etc.—incurred by him by reason of the injuries and for the loss of time while entirely disabled from pursuing his vocation as insurance solicitor. It appeared further that, aside from the pain and suffering he endured incident to his injuries, such injuries were of a permanent character and materially impaired his capacity for future pursuit of his vocation as such solicitor. Under this evidence it was for the jury to exercise an intelligent discretion in the award of damages, and there is nothing in the amount awarded to indicate that it was the result of other than the exercise of such discretion.

The order appealed from is affirmed.

McFarland, J., Shaw, J., Sloss, J., and Henshaw, J., concurred.

Mr. Justice Angellotti did not participate herein, deeming himself disqualified.

Rehearing denied.