[Civ. No. 2673.   First Appellate District, Division One.—April 17, 1919.]

NAOMI BOURGUIGNON et al., Respondents, v. PENINSU-LAR RAILWAY COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—DERAILMENT OF CAR—RES IPSA LOQUITUR—PLEADING —PROOF—INSTRUCTIONS.—Where in an action for damages for personal injuries received by a passenger upon one of the cars of a railway company which, through the alleged negligence of the latter, was derailed while rounding a curve, the complaint is fairly open to the construction that both general negligence on the part of the defendant in the management and operation of its car, and also specific acts of negligence on its part in maintaining a defective track and in rounding the curve at a dangerous rate of speed, are mingled in the same averment, and the case is tried upon the theory that the allegations of the complaint are such that upon proof of the accident and resulting injury a presumption of negligence upon the part of the defendant arises, and the court so instructs the jury, the defendant may not for the first time upon motion for a new trial, or upon appeal. raise the objection that the giving of instructions based upon the rule of *res ipsa loquitur*

40 Cal. App.—44

was error, the plaintiffs having failed to prove that the accident was caused by the specific acts of negligence alleged in their complaint.

[2] Id.—Character of Accident—Presumption of Negligence—How Overcome.—Where an accident is of such a character that it speaks for itself and raises a presumption of negligence, the defendant will not be held blameless except upon a showing either of a satisfactory explanation of the accident, that is, an affirmative showing of a definite cause for the accident in which cause no element of negligence on the part of the defendant inheres, or of such care in all possible respects as necessarily to lead to the conclusion that the accident could not have happened from want of care, but must have been due to some unpreventable cause, although the exact cause is unknown. (Opinion of supreme court on denying hearing.)

[3] Id.—Accident to Passenger—Degree of Care—Proof.—In the latter case, inasmuch as the process of reasoning is one of exclusion, the care shown must be satisfactory in the sense that it covers all causes which due care on the part of the defendant might have prevented. In the case of an accident to a passenger in the course of transportation by a railway company, the explanation or care shown, as the case may be, must be satisfactory in the sense that the carrier is held to a very high degree of care. (Opinion of supreme court on denying rehearing.)

[4] Id.—Exercise of Due Care—Burden of Proof.—In such cases, the defendant is not obliged to overcome the presumption of negligence by a preponderance of evidence, but it is sufficient for him to give such proof of the truth of his explanation or of his contention that he exercised due care in all particulars as to offset the presumption in the minds of the jury and produce a balance in their minds on the question of its truth. Throughout the plaintiff must prove his case by a preponderance of evidence. (Opinion of supreme court on denying rehearing.)

APPEAL from a judgment of the Superior Court of Santa Clara County. P. F. Gosbey, Judge. Affirmed.

The facts are stated in the opinion of the court.

Louis Oneal, Wm. F. James and James P. Sex for Appellant.

E. M. Rea for Respondents.

RICHARDS, J.—The plaintiffs in this action recovered judgment against the defendant for the sum of $18,001.35 as

damages for personal injuries suffered by the plaintiff Naomi Bourguignon while a passenger upon one of the defendant's cars, through the alleged negligence of the defendant by reason of which said car was derailed and overturned while rounding a curve in the defendant's railroad.

The first and main contention of the appellant herein is that the trial court committed error in the giving and refusing of certain instructions having reference to the burden of proof in the case and the application of the doctrine of *res ipsa loquitur* to it in the light of the averments of the plaintiff's complaint with respect to the defendant's alleged negligence.

The averments of the complaint with respect to the defendant's negligence read as follows: ''That the said car left the said rails and track and turned over on its side, as herein alleged, through the negligence, carelessness, and wanton recklessness of the said defendant in the management and operation of its said car, and the maintenance of said roadbed or tracks, and without any fault or negligence on the part of the said Naomi Bourguignon, and that at the time of said derailing of said car, the said plaintiff, Naomi O. Bourguignon, was occupying as a passenger a seat on the inside of said car, said seat being a seat provided for passengers by said defendant; that said car left said tracks on account of the sagging or giving way of one of the rails of said track, coupled with the negligent operation of said car, which consisted in going over said curve at a high rate of speed.''

No demurrer was filed to the sufficiency of the complaint, but the defendant answered denying this averment, and the cause proceeded to trial. Upon the trial the plaintiff proved the fact of derailment and overturning of the car while she was a passenger upon it and the consequent injuries, and rested her case. No motion for nonsuit nor other objection to the sufficiency of the plaintiff's showing was made by the defendant, but it proceeded to introduce evidence tending to show an entire absence of negligence on its part and to support its claim that the injuries to the said plaintiff were the result of an unavoidable accident. Upon producing such evidence the defendant rested its case. Whereupon the plaintiff offered proof to rebut the evidence which the defendant had presented; and the cause having been submitted the court proceeded to instruct the jury. In so doing it gave certain

instructions, one of which was the following: "Plaintiff has established a *prima facie* case against defendant if she shows that she was injured by the overturning of the car while being carried as a passenger by defendant without fault on her part; in such case there is a presumption that the accident was caused by the negligence of defendant, and the duty is then upon the defendant to show that the accident happened from inevitable accident or from some cause beyond the power of human care or foresight to prevent." The court also gave certain other instructions which substantially restated the rule expressed in the foregoing instruction. The appellant now urges that the giving of these instructions was error, basing its insistence in that regard upon the proposition that the plaintiff having alleged specific negligence on the defendant's part, the rule of *res ipsa loquitur* as above stated does not apply, and hence that the plaintiffs were bound in the first instance to prove that the accident was caused by specific acts of negligence alleged in their complaint.

[1]    There are several answers to this contention. In the first place, the averment of the plaintiffs' complaint above quoted is, we think, fairly open to the construction that both general negligence on the part of the defendant in the management and operation of its car, and also specific acts of negligence on its part in maintaining a defective track and in rounding the curve at a dangerous rate of speed, are mingled in the same averment. In this respect the case strongly resembles the case of *Roberts* v. *Sierra Ry. Co.,* 14 Cal. App. 180, [111 Pac. 519, 527], in which the precise question presented here arose, in dealing with which the court used the following words: "Plaintiff, however, not only alleged specific acts of negligence, but he also alleged general negligence. It is true that he did not set up his alleged specific and general negligence in separate counts, as was done in *Green* v. *Pacific Lumber Co.,* 130 Cal. 435, [62 Pac. 747], but there was no demurrer addressed to this feature of the complaint; the averments of the complaint were specifically denied, the evidence went in without objection touching the issues as thus presented, and defendant makes no pretense of being surprised. Inasmuch as there was an issue of general negligence presented, a presumption of negligence arose upon proof made of plaintiff's injury while a passenger on defendant's cars. And the case was tried upon

the theory that both specific and general negligence were alleged.''

The closing passage of the above quotation furnishes an added reason why the point urged by the appellant cannot be held to be well taken. This case, like the Roberts case, was tried apparently upon the theory that the allegations of the plaintiffs' complaint were such that upon proof of the accident and of the resulting injury a presumption of negligence upon the part of the defendant arose; for when upon proof of the occurrence of the accident and of the resultant injuries the plaintiffs rested their case no motion for nonsuit or other objection to the sufficiency of the plaintiffs' showing in the first instance was made, but the defendant at once assumed the burden of proving the absence of any negligence on its part, and having tendered such proofs as it possessed upon this subject, proffered no objection to the plaintiffs' counter-showing upon the ground that it should have been made in the first instance. This court, in the case of *Roberts* v. *Sierra Ry. Co., supra,* dealing with that precise condition, and quoting from 6 Thompson on Negligence, section 7473, said: ''Where parties, without adhering closely to the written pleadings, proceed without objection and make a particular case by the evidence, and the court allows that case without objection to go to the jury, it is a violation of all correct rules of law then to assail the case thus made for the first time by the motion for a new trial, or the assignment of error in the appellate court on the ground of failure of proof.''

The appellant further contends that the trial court in giving one of its instructions, wherein the foregoing rule with regard to the burden of proof is stated in a somewhat different form, erred in instructing the jury that the defendant must show ''that the overturning of the car was the result of inevitable casualty which human foresight and care could not prevent, for the law holds it responsible for the slightest negligence, and will not hold it blameless except upon the most satisfactory proofs.'' The instruction from which the foregoing excerpt is taken was adopted by the trial court from the case of *Bonneau* v. *North Shore R. R. Co.,* 152 Cal. 406, [125 Am. St. Rep. 68, 93 Pac. 106], in which the precise instruction was approved by the supreme court. Aside from these considerations, however, we find from an examination of the record that the trial court not only gave the foregoing

instructions, but it then proceeded to give some thirty or more instructions covering every · phase of this immediate subject, a large number of which instructions were prepared by the defendant and given at its request. In the light of these very full and very fair instructions it is impossible to perceive how the jury could have been misled to the defendant's injury· in its deliberation upon the case. The appellant's objection that the trial court refused to give certain of its instructions is sufficiently answered by the liberality with which the court gave almost every one of the instructions requested and which fairly covered every phase of its defense.

We are further satisfied from a careful reading of the voluminous record herein that the evidence was amply suffi· cient to justify the verdict, not only as to the defendant's negligence, but as to the nature and extent of the injuries suffered by the said plaintiff.

Finding no error in the record, the judgment is affirmed.

Waste, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 16, 1919, and the following opinion then rendered thereon:

THE COURT.—The petition for rehearing is denied. Such denial, however, is not to be taken as a complete approval of the instruction that the defendant must show "that the overturning of the car was the result of inevitable casualty which human foresight and care could not prevent, for the law holds it responsible for the slightest negligence, and will not hold it blameless except upon the most satisfactory *proofs.*"

[2] The true rule is that where the accident is of such a character that it speaks for itself, as it did in this case, and raises a presumption of negligence, the defendant will not be held blameless except upon a showing either (1) of a satisfactory explanation of the accident, that is, an affirmative showing of a definite cause for the accident in which cause no element of negligence on the part of the defendant inheres, or (2) of such care in all possible respects as necessarily to lead to the conclusion that the accident could not have happened from want of care, but must have been due to some

unpreventable cause, although the exact cause is unknown. [3] In the latter case, inasmuch as the process of reasoning is one of exclusion, the care shown must be satisfactory in the sense that it covers all causes which due care on the part of the defendant might have prevented. In the case of an accident to a passenger in the course of transportation by a railway company, the explanation or care shown, as the case may be, must be most satisfactory in the sense that the carrier is held to a very high degree of care.

[4] But the proof which is required of such explanation or care is a different matter from the explanation or care itself. The explanation or the care shown, if true, may be perfectly satisfactory. The proof of its truth may or may not be satisfactory. On this point the rule is the same as in the case of any other presumption which a defendant must meet, that is, he is not obliged to overcome the presumption by a preponderance of evidence, but it is sufficient for him to give such proof of the truth of his explanation or of his contention that he exercised due care in all particulars as to offset the presumption in the minds of the jury and produce a balance in their minds on the question of its truth. Throughout the plaintiff must prove his case by a preponderance of evidence. (See *Haun* v. *Tally, ante,* p. 585, [181 Pac. 80].)

The instruction in question was taken *verbatim* from *Bonneau* v. *North Shore R. R. Co.,* 152 Cal. 406, [125 Am. St. Rep. 68, 93 Pac. 106], where it was approved. An examination of that decision, however, shows that the criticism which the appellant there made of that particular instruction was not directed to the point that it required most satisfacory proof as distinguished from a satisfactory explanation or a showing of satisfactory care. The rule in regard to proof is discussed with reference to another instruction and is stated to be as above.

In the present case the instruction, while open to criticism in the particular indicated, could not have misled the jury when considered in connection with the other instructions given as to the effect of a presumption and the requirement that the plaintiff prove his case by a preponderance of evidence.

All the Justices concurred, except Lennon, J., who was absent.