[L. A. No. 6346. Department One.—June 23, 1921.]

EVELYN C. WHITE et al., Respondents, v. RED MOUNTAIN FRUIT COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—ELEVATOR ACCIDENT—CONTRIBUTORY NEGLIGENCE—INSTRUCTION.—In an action by a husband and wife for personal injuries suffered by the latter as she was entering an elevator operated by the defendant in a building owned by it, an instruction that if she exercised the care that an ordinarily prudent person would have exercised under the same or similar circumstances, she was not guilty of contributory negligence, unless she was also guilty of some fault or negligence which contributed to the happening of the accident, was not erroneous, as being upon the weight of the evidence, nor as directing that the only fault or negligence on her part which would be contributory negligence would be some act outside of stepping into the elevator.

[2] ID.—AMOUNT OF VERDICT—POSSIBILITY OF APPEAL—INSTRUCTION.— In such an action, an instruction that if the jury should find for the plaintiffs it should not consider, in fixing the amount of the verdict, whether defendant would appeal, did not amount to telling them that they should not hesitate to render a large verdict if they thought the defendant might appeal, nor did it indicate a belief of the court that the plaintiff was entitled to such a verdict.

[3] ID.—LOSS OF WAGES OF WIFE—COMPENSATION OF HUSBAND—IN-
STRUCTION.—Where in an action by husband and wife for injuries
to the latter there was evidence that the wife was actually work-
ing and earning wages at the time she was hurt, and there was
no evidence justifying an inference that she would not have kept
on working, an instruction that the husband was entitled to
compensation for the loss of her past and future wages was not
open to criticism, because it did not charge that before the com-
pensation could be allowed it should be found there was a rea-
sonable certainty she would have kept on working but for the
injury.

[4] ID.—RESPONSIBILITY OF PASSENGER ELEVATOR OPERATORS—INSTRUC-
TION.—In an action for personal injuries received in an elevator
accident, the portion of an instruction that the responsibility of
passenger elevator operators is of the highest character was not
inconsistent with another portion that they are not insurers of the
absolute safety of passengers, in view of the remainder of the in-
struction that they are bound to the utmost care and diligence of
very cautious persons and are responsible for injury occasioned by
the slightest neglect against which human care and foresight might
have guarded.

[5] ID.—BURDEN OF PROVING NEGLIGENCE—INSTRUCTION.—In such
an action, an instruction that if plaintiff proved that while she
was being carried in defendant's elevator there was an accident
by reason of some defect in the elevator or its machinery, or
appliances, or in the operation thereof, it was not necessary for
her to prove exactly the cause of the accident, was not erroneous,
as removing from plaintiff the burden of proving negligence.

[6] ID.—EXCUSE OF NEGLIGENCE—INSTRUCTION.—In such an action, an
instruction that if plaintiff proved that she was hurt by reason
of some defect in the elevator or in its operation, the burden
shifted to defendant to show that it was not guilty of negligence
by proof that the accident could not have been prevented by the
exercise of the highest degree of care on its part, correctly stated
the law.

[7] ID.—EVIDENCE OF DAMAGES—INSTRUCTION.—An instruction that
the law does not require that the plaintiffs present any direct
evidence to show the amount of damages which they have sus-
tained, but that it is only necessary to show the extent of the
injuries and that they were proximately caused by the accident,
it being for the jury to determine the amount, was not erroneous
as charging that no evidence of the amount of special damages was
required, where by other instructions the jury was instructed to
allow such special damages as the evidence showed had been
necessarily and reasonably expended or incurred.

[8] ID.—DAMAGES IN HASTENING DEVELOPMENT OF PRE-EXISTING DIS-
EASE—INSTRUCTION.—An instruction that if it should be found

plaintiff's injuries hastened the development or increased the activity of a disease from which she was suffering at the time of the accident, and that thereby her present condition has resulted from such injury, she is entitled to recover damages sustained from the injury, was not erroneous as charging that she could recover damages for the disease.

[9] ID.—EVIDENCE—MISCONDUCT OF COUNSEL—LACK OF PREJUDICE.— In an action for personal injuries received by a wife, alleged misconduct of plaintiff's counsel in asking the husband upon redirect examination if a doctor had not called on behalf of a company, to which he answered in the affirmative, was not prejudicial, where the question and answer were immediately objected to and the jury instructed to disregard the statement of the witness.

[10] ID. — STEPPING INTO ELEVATOR — REASONABLE CARE — QUESTION FOR JURY.—It is not negligence as a matter of law for a person invited to enter an elevator by the opening of the door, although the platform is below the level of the floor, or to step into the elevator without observing whether the platform is exactly even with the floor.

APPEAL from a judgment of the Superior Court of Los Angeles County. Louis W. Myers, Judge. Affirmed.

The facts are stated in the opinion of the court.

Duke Stone for Appellant.

E. B. Drake for Respondents.

LAWLOR, J.—The plaintiffs are husband and wife, and recovered a judgment against the defendant for personal injuries suffered by the wife as she was entering an elevator operated by the defendant in a building owned by it, the gravamen of the asserted cause of action being the negligence of the defendant in the maintenance and operation of the elevator. The defendant appeals, and urges three grounds for reversal, namely, that the trial court erred in certain instructions to the jury, that plaintiffs' counsel was guilty of misconduct in the course of the trial, and that the evidence shows that the plaintiff injured had been guilty of contributory negligence.

As to the instructions complained of we might say, preliminarily, that so far from their being open to criticism, they seem to us models of concise and lucid statements to

the jury of the issues which they were to determine and the rules of law applicable thereto.

The first instruction complained of is as follows:

"The plaintiff Evelyn C. White was only required to exercise ordinary care at the time and place in controversy —that is, she was required to only use the care that an ordinarily prudent person would have exercised under the same or similar circumstances, and if she exercised such care then she was not guilty of contributory negligence and you will so find; for, it is no defense to this action that the said plaintiff by her own act in attempting to get into the elevator has contributed to the injury,. but it must also appear that she was guilty of some fault or negligence, and that such fault or negligence, if any, has contributed to the happening of the accident."

[1] The criticism made of this instruction is that it is one upon the weight of the evidence, and that it is confusing, contradictory, and misleading in that it directs the jury that the only fault or negligence on the part of the plaintiff which would be contributory negligence would be some act on her part outside that of stepping into the elevator. We think it apparent, from a reading of the instruction, that it is not in fact one upon the weight of the evidence. We think it also plain, from a reading, that it was not an instruction that the contributory negligence which would bar a recovery on the part of the plaintiff had to be some act on her part outside of her act in stepping into the elevator. The point of the instruction was that the mere act of stepping into the elevator would not, in and of itself, bar a recovery, but there had to be some negligence on the plaintiff's part, either in the doing of this act or in some other way. This, of course, is the law. It is also claimed that the instruction is inconsistent with other instructions given on the subject of contributory negligence, but the contention likewise proceeds upon the assumption that the instruction was one to the effect that the only fault or negligence on the plaintiff's part which would bar a recovery would be some act outside of her act in stepping into the elevator. This assumption is without foundation, and the inconsistency asserted does not in fact exist.

The second instruction complained of is as follows:

"If you find for the plaintiffs, then, in fixing the amount of your verdict in this case, you should not consider whether the same is large or small, so far as the number of dollars is concerned, and neither should you consider whether or not if you fixed a certain amount the defendant would appeal or would not appeal, because that is not a matter of any concern to you and is not one of the questions submitted to you, it being your duty alone to apply the law as given to you by the court to the facts proven in the case and then if you shall find for the plaintiffs, bring in a verdict in such an amount as will reasonably and fairly compensate the plaintiffs for the damage done to them, and each of them, and when you have done that you have performed all the duty that is required of you in this case."

[2] It is said of this instruction that it amounted to telling the jury that they should not hesitate to render a large verdict if they thought the defendant might appeal. We do not so read it. What it did tell the jury was that they should not return a smaller verdict than the plaintiff was properly entitled to as compensation because of the fact that the defendant might appeal if the sum the jury thought the plaintiffs were entitled to as compensation were large and they should bring in a verdict for that amount. It is also said of the instruction that it might indicate to the jury that the court believed the plaintiff entitled to recover a large verdict. We can find no such indication in it. Just what the occasion was which called for the giving of this instruction is not brought to our attention, and ordinarily, of course, there would be no occasion for it, but it is not asserted that there was no occasion, and that the instruction was correct does not admit of serious question.

The third instruction criticised reads as follows:

"If you shall conclude that plaintiffs should recover herein, and if you further find that Evelyn C. White before the accident in controversy was earning wages, and shall further believe that she was unable for any length of time after said accident to earn said wages, and will be unable in the future for any length of time to earn the same wages by reason of any injuries received in the accident in controversy here, then I instruct you that you may find for the plaintiff, Carl A. White, such sum in damages as will

reasonably and fairly compensate for such loss of wages, and in addition thereto you will allow him such sum as the evidence shows he has necessarily and reasonably expended or incurred in employing physicians and surgeons to treat the injuries of his said wife, together with any reasonable and necessary amount of money paid to any nurse or nurses for caring for her said injuries, in all not exceeding the amount alleged in the complaint, to wit, $965.''

[3] It is not questioned that the plaintiff's husband was entitled to recover, if entitled to recover at all, for the wages which his wife had lost and for the wages which it reasonably appeared she would lose in the future, but the instruction is criticised because it does not instruct the jury that before they could allow compensation for loss of wages they should find that there was a reasonable certainty that the wife would have kept on working if she had not been hurt, and would have continued to earn wages. The fact of the matter was that the wife was actually working and earning wages at the time she was hurt, and every reasonable inference is that she would have kept on doing so except for the injury. No evidence justifying a contrary inference is brought to our notice, and this being the situation, the injection into the instruction of the element which the defendant claims was erroneously omitted would have been the injection of an element for which there was no support in the evidence.

The fourth instruction complained of reads:

''Although not insurers of the absolute safety of the passengers, they [persons operating passenger elevators] are bound to the utmost care and diligence of very cautious persons, as far as human care and foresight can go, and are responsible for injury occasioned by the slightest neglect against which human care and foresight might have guarded. The responsibility is proportioned to the danger, and is of the highest character in the case of those who operate elevators for lifting persons from one level to another.''

[4] It is said of this instruction that the portion to the effect that the responsibility of one operating an elevator for the carriage of passengers is ''of the highest character'' is inconsistent with the first portion of the instruction to the effect that such persons are not insurers of the absolute safety of the passengers, the argument being that the

highest character of responsibility is that of an absolute insurer. This criticism is hypercritical in the extreme. The responsibility which was referred to in the latter portion of the instruction is very plainly that responsibility for the exercise of the care which is referred to in the first portion.

The fifth instruction complained of reads:

"You are instructed that it is not necessary for the plaintiff to prove *exactly* the cause of the accident to the plaintiff, Evelyn C. White, while being carried by the defendant in its elevator at the time and on the occasion in controversy here, but it is only necessary, in law, for them to prove the allegations of their complaint that she was thus being carried, and while thus being carried there was an accident to the elevator in which she was riding by reason of some defect in the elevator or its machinery, or appliances, or in the operation thereof, and when this accident is thus proved, the burden shifts upon the defendant to show that it was not guilty of negligence by proof that the accident could not have been prevented by the exercise of the highest degree of care and prudence on its part, or that said accident was caused by inevitable casualty, accident, or misfortune, or some other cause which human care, judgment, and foresight could not prevent."

[5] The first criticism of this instruction is in its use of the word "exactly" italicized above. The ground of the criticism is not plainly expressed, but apparently it is that the effect of the use of this word was to remove from the plaintiff the burden of proving negligence. But this was plainly not the effect of the instruction. The instruction was simply that if the plaintiff showed that she was hurt through an accident to the elevator by reason of some defect in it or the appliances connected with it, or by reason of its defective operation, she did not have to show the exact cause of the accident. It needs no authority to support the proposition that this is a correct statement of the law. [6] The second criticism of the instruction is of that portion to the effect that upon plaintiff's showing that she was hurt by reason of some defect in the elevator or its appliances or by its defective operation, the burden is shifted to the defendant to show that it was not guilty of negligence by proof that the accident could not have been

prevented by the exercise of the highest degree of care on its part. In support of this criticism, counsel cites the opinion of this court reported in 40 Cal. App. 689, [181 Pac. 669], denying a rehearing of *Bourguignon* v. *Peninsular Ry. Co.*, 40 Cal. App. 689, [181 Pac. 669]. An examination, however, of the opinion referred to shows that it lays down the exact rule contained in the instruction under discussion. We would say, also, that this rule is so familiar and has been so repeatedly laid down that it is no longer open to reasonable question.

The sixth instruction complained of reads:

"The law does not require that the plaintiffs present any direct evidence to show the amount of damages which they have sustained in this behalf; or the amount of money which would compensate for the injuries the said Evelyn C. White has received; all that is necessary in this behalf is to show to the jury the extent of her injuries, if any, and that they were proximately caused by the accident, then it is for the jury to determine, under all the evidence and in the manner I have indicated, the amount of damages which ought to be awarded to plaintiffs therefor."

[7] It is not contended that this instruction is not correct so far as general damages caused by the injury to the plaintiff wife are concerned. The complaint is that it in effect charged the jury that no evidence of the amount of special damages, such as doctor's bills, medicines, nurses' hire, and the like, was necessary. Suffice it to say that when the instruction is taken in connection with the other instructions given (see, for example, the third instruction discussed herein), it is not open to any such interpretation.

The seventh, and last, instruction complained of reads:

"If you find from the evidence that the plaintiff, Evelyn C. White, received any of the injuries alleged in the complaint solely by reason of the defendant's negligence, and you further find that at the time of the reception of said injuries said plaintiff was suffering from some disease or ailment or malady, to wit, hyperthyroidism, and you further find that said injury hastened the development of such disease or increased the activity thereof, and that thereby said plaintiff's present condition, whatever you find that to be, has resulted from such injury, then I charge you that the plaintiffs are entitled to recover such damages as

you may determine she has sustained from the injuries, or any of them, received in the accident.''

[8]   The criticism made of this instruction is that it in effect told the jury that if the plaintiff at the time of the accident was suffering from a disease, the plaintiff, as a part of her damages, if she was entitled to any, was entitled to recover damages for the disease.   The instruction cannot be so read.   It simply charges the jury that if the plaintiff was suffering from a disease at the time of the accident, and the accident hastened the development or increased the activity of the disease, the plaintiff, if entitled to recover, was entitled to recover for the damages done by the accident in thus hastening the development or increasing the activity of the disease.   This was a correct statement of the law.   (*Campbell* v. *Los Angeles Traction Co.*, 137 Cal. 565, 567, [70 Pac. 624].)

[9]   The alleged misconduct of plaintiffs' counsel consists in his having asked this question upon the redirect examination of the plaintiff husband: ''Is it not a fact that Dr. Ryder came up there on behalf of a company—you said company?'' to which the witness answered, ''That is it exactly.''   The question and answer were immediately objected to, the asking of the question assigned as misconduct, and the court instructed the jury to disregard the statement of the witness.   It is not necessary to determine whether there was in fact any misconduct on the part of plaintiffs' counsel, although perhaps in justice to him we should say that the circumstances under which the question was asked tend strongly to negative any such conclusion; but, assuming that the asking of the question was misconduct, it is yet evident that it was by no means of such a serious nature that it may be taken that its effect was not removed by the admonition of the court.   (*Williamson* v. *Hardy* (Cal. App.) 190 Pac. 646.)

The point that the evidence showed that the plaintiff was guilty of contributory negligence was based upon the testimony of the plaintiff wife.   The contention is that this testimony shows that she was warned to wait before stepping into the elevator, that she knew that the floor of the elevator was not even with the landing, and that it was negligence on her part to step into the elevator under these conditions.   The testimony, however, does not necessitate any

such conclusion as counsel contends for. What happened, as related by the plaintiff wife, was that as she was waiting for the elevator, the elevator stopped at the floor, the door opened and she started to step in, the operator said, "Wait," the elevator started up, and she was hurt. She also testified that at the time she stepped in, the elevator platform was a foot or a little more below the floor, and that she did not observe this until she was in the act of stepping in. The opening of the door was, of course, an invitation for her to enter, and it is apparent that the jury were at liberty to find that the warning from the operator was not given in time for her to obey it. [10] Neither are we prepared to say that it is negligence as a matter of law for a person invited to enter an elevator by the opening of the door either to step down a foot or so for that purpose or to step into the elevator without observing whether the platform is exactly even with the floor. What the plaintiff was required to do in the exercise of reasonable care under the circumstances was, at best, a question for the jury to determine.

Judgment affirmed.

Shaw, J., and Olney, J., concurred.