FRANCES E. BURNS *vs.* THOMAS M. REARDON.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 5th—decided November 7th, 1933.

*Leonard G. Burke,* for the appellant (plaintiff).

*James J. O'Connor,* for the appellee (defendant).

PER CURIAM. The plaintiff brought this action to recover damages for injuries suffered by her when the automobile in which she was riding ran into a horse belonging to the defendant, which was at large upon the highway. The plaintiff bases her appeal upon the ground that the doctrine *res ipsa loquitur* applied in the situation and required a judgment in her favor. Whether that doctrine would have necessitated such a judgment in the absence of rebutting evidence that the defendant used due care, we have no need to inquire. The inference of negligence which in certain situations may be drawn from the happening of an accident cannot prevail where upon the evidence, the trial court has found that the defendant used due care. *Firszt* v. *Capitol Park Realty Co.,* 98 Conn. 627, 644, 120 Atl. 300; *Ruerat* v. *Stevens,* 113 Conn. 333, 336, 155 Atl. 219. In this case, with all the evidence before it, the trial court has found that the defendant exercised reasonable care and diligence in the care and custody of the horse. The further finding, that the presence of the horse upon the highway could not be explained, is not sufficient to invalidate the conclusion that the defendant was in the exercise of such care. *Sweeney* v. *Edison Electric Illuminating Co.,* 143 N. Y. Sup. 636, 638; *Bourguignon* v. *Peninsular Ry. Co.,* 40 Cal. App. 689, 694, 181 Pac. 669; *Baran* v. *Reading Iron Co.,* 202 Pa. St. 274, 286, 51 Atl. 979; *Desmarchier* v. *Frost,* 91 Vt. 138, 145, 99 Atl. 782.

There is no error.