[Civ. No. 3925.  First Appellate District, Division One.—November 7, 1921.]

JOHN L. McKINNON, Plaintiff and Respondent, v. UNITED RAILROADS OF SAN FRANCISCO (a Corporation), Defendant and Appellant, and CALIFORNIA STREET CABLE RAILROAD COMPANY (a ·Corporation), Defendant and Respondent.

[1] NEGLIGENCE—COLLISION BETWEEN CARS OF DIFFERENT STREET RAILROAD COMPANIES—INJURY TO PASSENGER—PRESUMPTION OF NEGLIGENCE—INSTRUCTIONS.—In an action against two street railroad companies for personal injuries received by a passenger in a collision of their respective cars, the giving of two instructions, after an instruction that each of the defendants was a common carrier, that proof of an injury to a passenger casts upon the carrier the burden of proving that the injury was occasioned by· inevitable casualty, and that when it is shown that an injury was caused by the act of the carrier in operating its instrumentalities, there is a presumption of negligence, was not erroneous, as misleading the jury to apply the instructions to the legal liability of the company who was not the carrier of the plaintiff.

[2] ID.—VIOLATION OF MUNICIPAL ORDINANCE—NEGLIGENCE PER SE—EVIDENCE—INSTRUCTION.—An instruction that a violation of a city ordinance limiting the speed of street-cars to ten miles an hour, if found to exist at the time of the accident, on the part of the railroad company who was not the carrier of the plaintiff, constituted negligence *per se*, was justified by evidence that the car was traveling at an accelerating speed in excess of that permitted by such ordinance on its way down a hill, and that it and other similarly constructed and operated cars had been accustomed to safely negotiate the decline with safety.

[3] MOTOR VEHICLE ACT—LIMITATION OF SPEED IN CITIES—INAPPLICABILITY TO STREET-CARS.—The provisions of the Motor Vehicle Act permitting a speed for vehicles of twenty miles an hour in cities has no application to vehicles operated upon stationary rails or tracks and does not repeal an ordinance of the city and county of San Francisco which limits the speed of street-cars to ten miles an hour.

[4] NEGLIGENCE — RIGHT OF WAY — RIGHT TO RELY UPON — INSTRUCTION. — An instruction that the gripman of the street-car upon which plaintiff was a passenger was entitled to rely upon the presumption that the right of way of his car would be respected by the car of the other company, while erroneous in itself, is not sufficient to justify a reversal of the judgment as to the latter, where the court also instructed the jury that even if they found that the

former company had the right of way over the crossing, that fact would not release it, from the legal burden of exercising the highest degree of care, and that if the situation should present itself in which the safety of its passengers would require it to yield such right of way, it would be its duty to do so.

[5] Id. — Position of Imminent Danger — Choice of Alternative Courses—Instruction.—An instruction that if the gripman of the car upon which plaintiff was a passenger was in the moment preceding the collision suddenly confronted by imminent danger demanding alternative courses of conduct, and made such a choice as a person of ordinary prudence placed in such a position might make, the fact, if it be, that if he had chosen the other hazard he would have escaped injury is of no importance, was not prejudicially erroneous as to the other railroad company, since it was given a special application to its codefendant.

[6] Id.—Slippery Track—Insufficient Excuse—Instruction.—An instruction that a slippery track is no excuse if the railroad company was guilty of negligence in failing to take proper steps to provide against its consequences, is not subject to the objection that it is argumentative and assumes that the other company was negligent.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge. Affirmed.

The facts are stated in the opinion of the court.

Wm. M. Cannon, Wm. M. Abbott and Kingsley Cannon for Defendant and Appellant.

Sullivan & Sullivan and Theo. J. Roche for Plaintiff and Respondent.

Wright, Wright & Stetson and J. J. Dunne for Defendant and Respondent.

RICHARDS, J.—This is an appeal by the defendant, United Railroads of San Francisco, from a judgment for the sum of fifteen hundred dollars rendered against it in an action for damages for personal injuries sustained by the plaintiff in a collision between the street-car of the said defendant and a street-car of its codefendant, California Street Cable Railroad Company, upon the car of which latter codefendant the plaintiff was a passenger.

The collision occurred on the evening of May 27, 1917, at the intersection of Hyde and Sacramento Streets, in the city and county of San Francisco. The Hyde Street car of the California Street Cable Railroad Company had come up Hyde Street, traveling in a northerly direction, and was crossing Sacramento Street when it was struck by the car of the Sacramento Street line of the United Railroads, which descended the hill on that street going west, and collided with the rear end of the Hyde Street car. The undisputed evidence shows that a short while before the time of the collision a drizzling rain or mist had been falling in that vicinity, rendering the rails of the respective street-car systems quite slippery. The evidence also shows without conflict that both by custom and by agreement the cars of the California Street Cable Railroad Company had the right of way at this particular intersection. The plaintiff was himself without fault in relation to the collision and his injuries sustained thereby.

Upon the trial of the cause the jury returned a verdict absolving the defendant California Street Cable Railroad Company from responsibility for the collision, but fixing the responsibility therefor upon the defendant United Railroads, against which it awarded the plaintiff damages in the sum of fifteen hundred dollars. The latter defendant appeals from the judgment which followed this award.

While the appellant herein urges that upon the facts of the case the jury, if rightfully instructed, might with reason have returned a verdict in its favor, it does not seriously argue that the evidence in the case is insufficient to support the verdict which the jury in fact rendered. Its argument upon this appeal is devoted solely to alleged errors in the instructions of the trial court by which the jury was prejudicially misled as to the law of the case.

[1] The first two instructions which the appellant assails may be considered together since the same argument is urged against each. After instructing the jury that each of the defendants was a common carrier of passengers in said city, the court gave these two instructions:

"The proof of an injury to a passenger on the car of a common carrier, caused by the operation of the car, casts upon the common carrier the burden of proving that the

injury was occasioned by inevitable casualty or some other cause which human care and foresight could not prevent.''

''A carrier of passengers is required to exercise the highest degree of care and diligence in their safe transportation, and is responsible for injuries received by a passenger without fault of his own which injuries might have been avoided by the exercise of such care. Hence, when it is shown that an injury to a passenger was caused by the act of the carrier in operating the instrumentalities employed in its business, there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without negligence on its part.''

It is claimed that the jury were misled into giving each of these instructions application to the legal liability of this appellant as one of the defendants in the case, which were prejudicially erroneous as applied to it.

If this premise were correct the conclusion would be irresistible; but reading these two instructions, it is, we think, perfectly obvious that they were applicable only to the codefendant of this appellant, and as applied to it were sound law; and this becomes even more apparent if possible when the instructions of the trial court are considered as a whole, since it therein appears that the court was particularly if not unusually explicit in pointing out to the jury the difference in point of the law of liability between the California Street Cable Railroad Company as the carrier of this particular passenger, and that of the United Railroads as a carrier generally, but not as the carrier of the plaintiff at the time of said collision. This being so, the plaintiff was clearly entitled to have these two instructions given to the jury in support of his claim for damages against the codefendant of the appellant, and, as we have indicated, the jury could not have been misled thereby.

[2] The next contention of the appellant is that the trial court erred in instructing the jury that a violation of the speed ordinance of the city and county of San Francisco, if found to exist on the part of the United Railroads at the time of said collision, constituted negligence *per se.* The argument offered in support of this contention is threefold: First, that the evidence does not show that there was any violation of the terms of said ordinance,

which limits the speed of street-cars to ten miles an hour; second, that the evidence shows that the car of the appellant responsible for this collision was a run-away car in the sense that owing to the slippery condition of the road it had gotten beyond its operator's control while descending the Sacramento Street hill immediately prior to the collision; third, that the provisions of the ordinance in question had been repealed by the provisions of the Motor Vehicle Act permitting a speed for vehicles of twenty miles an hour in cities.

As to the first two of these contentions it may be said that the evidence in the case does, in our opinion, sufficiently justify the instruction in question, both that the car on its way down the hill was traveling at an accelerating speed in excess of that permitted by said ordinance, and that in so doing it was not a runaway car in the sense that the appellant was not to be held liable for its excess of speed. It and other similarly constructed and operated cars of the said defendant were shown to have been accustomed to safely negotiate this particular decline under conditions identical with those attending this particular collision, and no reason appears why this car should not have done so if in proper mechanical condition and if properly run and operated. That it did not do so on this occasion would seem to reasonably give rise to the inference that it was not in such condition or was not carefully controlled.

[3] As to the third of the appellant's contentions in respect to this instruction, it will appear from a cursory reading of the Motor Vehicle Act that it has no application to vehicles operated upon stationary rails or tracks. (Stats. 1917, p. 382.)

[4] The appellant's next contention is that the trial court erred in its instruction to the jury to the effect that the gripman of the Hyde Street car was entitled to rely upon the presumption that the right of way of his car would be respected by the car of the United Railroads Company. While it may be conceded that a general instruction to the above effect would be obnoxious to the law and language of the supreme court in the case of *Kimic* v. *San Jose-Los Gatos etc. Co. et al.,* 156 Cal. 379 [104 Pac. 986], it will be noted in the instant case that the instruction thus objected to by the appellant herein was not

the only instruction which the trial court gave on this subject, since it also gave the following instruction:

"Even if you find that the defendant, California Street Cable Railroad Company had the right of way over the crossing of Sacramento and Hyde Streets at the time of the accident in question, that fact would not release it from the legal burden of exercising the highest degree of care for the safety of its passengers. If a situation should present itself in which the safety of its passengers would require it to yield the right of way to its codefendant in order to avoid a collision and injury to its passengers it would be its duty, if by the exercise of the highest degree of care it could do so, to yield such right of way so as to save its passengers from injury."

When these two instructions are read together they come fairly, we think, within the rule enunciated in the Kimic case; but however that may be, we are unable to perceive that this appellant was prejudicially injured by the act of the court in giving it, since their special application in this case was not to the defendant which is the appellant here, but to its codefendant, the California Street Cable Railroad Company, and to its liability to the plaintiff. Whether its motorman in negotiating the intersection was or was not entitled to rely upon the presumption that his employer's rights of way would be respected would not excuse the employees of the appellant herein for being themselves negligent in either disregarding such right of way, or exceeding the speed limit, or failing to properly control their car; in other words, would not justify or excuse whatever negligence this appellant might have been guilty of in the premises. We do not see, therefore, sufficient merit in this contention to justify a reversal of the case.

[5] The appellant's next contention is that the trial court committed error in giving an instruction to the jury to the effect that if the gripman of the Hyde Street car was in the moment preceding the collision suddenly confronted by imminent danger demanding alternative courses of conduct, and made such a choice as a person of ordinary prudence placed in such a position might make, the fact, if it be, that if he had chosen the other hazard he would have escaped injury is of no importance. We do not think that the authorities cited by the appellant sustain its

assumption that this instruction was error; but, on the other hand, we are satisfied that the instruction correctly states the law as sustained by the following cases: *Waniorek* v. *United Railroads*, 17 Cal. App. 125 [118 Pac. 947]; *Green* v. *Pacific Lumber Co.*, 130 Cal. 435 [62 Pac. 747]; *Robinson* v. *Western Pac. Ry. Co.*, 48 Cal. 421; *Kramm* v. *Stockton Ry. Co.*, 3 Cal. App. 606 [86 Pac. 738, 903].

We are, however, also of the opinion that any error which the trial court may have made in giving this instruction would not be a prejudicial error in so far as this appellant is concerned, since, like the other instructions above adverted to, it was given a special application to the appellant's codefendant and had no special application to the liability of the appellant herein.

[6]   The appellant's next contention is that the court erred in instructing the jury that "A slippery track is no excuse if the railroad company was guilty of negligence in failing to take proper steps to provide against its consequences." No authorities are cited in support of this contention, and the only point urged against it is that it is argumentative and assumes that the appellant was negligent. We do not find it subject to either of these defects. It seems to express a truism applicable to the facts of the case at bar.

With respect to the instruction of the trial court as to the application of the doctrine of *res ipsa loquitur* we have examined the entire instructions of the court upon this subject, and we have no hesitation in reaching the conclusion that the trial court carefully differentiated between the differing situations of the appellant and of its codefendant, the carrier of the plaintiff as a passenger, making application of the rule to the latter defendant only. Whatever might have been its criticism of the correctness of this portion of the court's instruction had judgment gone against it, the appellant herein is in no position to urge that the court was in error in its statement of the law in this respect.

The appellant finally urges that the trial court was in error in several respects in its refusal to give certain instructions requested by it. We have examined these refused instructions in the light of the instructions which the trial court gave to the jury, and we are satisfied that the subject matter of these refused instructions is fully and sufficiently

covered by those which were given, and hence that the appellant suffered no prejudicial injury by the court's refusal to give its instructions in the form in which they were asked.

Finding no prejudicial error in this record which would justify a reversal of the case, the judgment is affirmed.

Kerrigan, J., and Waste, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 5, 1922.

All the Justices concurred, except Lawlor, J., who was absent.