[Civ. No. 7953. First Appellate District, Division Two.—November 17, 1931.]

MARY C. STEERS et al., Respondents, v. THE CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation) et al., Appellants.

Emery F. Mitchell and Charles V. Barfield for Appellant C. M. Camp.

J. J. O'Toole, City Attorney, Henry Heidelberg, Deputy City Attorney, Harry A. McKenzie and Edwin V. McKenzie for Respondents.

STURTEVANT, J.—At about 5 P. M. on the evening of March 18, 1930, the plaintiff Mary Steers walked east on Cabrillo Street in San Francisco. She reached the northwest corner of the street and Tenth Avenue and was intending to cross the latter street. She saw a street-car owned by the City and County of San Francisco coming north on Tenth Avenue and a truck owned by the defendant C. M. Camp coming west on Cabrillo Street. She paused at the corner to allow them to pass, but they collided in the intersection and the fender on the street-car was knocked through the air toward the plaintiff and struck and broke her left leg. She commenced this action and joined as defendants the city, the motorman on the street-car and the owner of the truck. The action was tried before the trial court sitting with a jury. The jury returned a verdict against all of the defendants and from a judgment entered thereon they have appealed.

A joint answer was filed for the city and the motorman. A separate answer was filed for the defendant Camp and in that verified answer the defendant pleaded (1) certain denials, (2) the contributory negligence of the plaintiffs and (3) the proximate and sole negligence of the plaintiff and of the city. The first witness called by the plaintiff was the defendant C. M. Camp. Counsel stated that he called the witness under section 2055 of the Code of Civil Procedure. Thereupon the plaintiff's attorney proceeded to elicit the fact that the plaintiff was not guilty of contributory negligence and that the defendants' answer in so far as it pleaded contributory negligence was false. Indeed, at one place it was termed *"perjury"*. The remark was assigned as prejudicial misconduct. The court fully and completely admonished the jury. It is now claimed the admonition was not effective. We think it was in this case. The answers of the witness fully exonerated him of any wrongful intention and fully cleared him of any imputation of perjury. The defendant testified most cogently that the plaintiff had not been guilty of contributory negligence. Testifying further he showed that the language of his answer was the language of his attorney and not his own. The rest of the record contains such testimony as to demonstrate that the verdict was based on clear evidence and not on any intimation of the plaintiff's attorney that the defendant Camp had committed perjury.

In giving instructions the trial court read section 3281 of the Civil Code. It also gave the ordinary definition of negligence. (*Montijo* v. *Goldwyn, Inc.,* 113 Cal. App. 57 [297 Pac. 949].) The defendant Camp states that it is elementary that instructions should be confined to the issues. The foregoing instructions were so confined.

The defendant Camp quotes instruction XXXI which states the reciprocal rights of street-cars and other vehicles and persons in the street. He then argues that the instruction placed on this defendant an undue burden. But the instruction placed no burden on him. It was addressed to the rights and duties of the street-car and not to the driver of the truck.

The same defendant quotes two instructions which he asked and which the trial court refused to give. Both

purport to state that the duties and obligations of a street-car are defined in the California Vehicle Act (Stats. 1923, p. 517 [as amended]). Of course, they are not. (*Mc-Kinnon* v. *United Railroads,* 55 Cal. App. 96, 100 [203 Pac. 122].)

The judgment is affirmed.

Nourse, P. J., and Spence, J., concurred.