[S. F. No. 1576.   Department One.—November 8, 1900.]

## NANCY GREEN, Respondent, v. PACIFIC LUMBER COMPANY, Appellant.

Railroad Company—Operation of Opposing Trains—Gross Negligence.—A railroad company operating a single track so that two trains are running thereupon in opposite directions at the same time, so as to threaten a collision, is guilty of gross negligence.

Id.—Escape of Passenger to Avoid Threatened Collision—Resulting Injury — Contributory Negligence — Question of Fact.—A lady passenger, who jumped with other passengers from a train going from eight to ten miles per hour, under an apprehension of great danger from collision with a freight train, discovered to be rapidly approaching from around a curve toward the passenger train, and fell face downward upon the track, from which she rolled to escape being run over, and was carried down an embankment, to her serious injury, cannot be charged with contributory negligence, as matter of law; but it is essentially a question of fact whether her acts were justified in view of all the surrounding circumstances.

Id.—Responsibility of Railroad Company — Escape of Passengers Caused by Perilous Operation of Trains.—If a railroad company so operates its trains as to place its passengers in situations apparently so dangerous and hazardous as to create in their minds a reasonable apprehension of peril and injury, and thereby excite their alarm and induce them to make efforts to escape, and if, in such efforts to escape, they receive personal injuries, the railroad company is responsible in damages for its negligence.

Id.—Alighting of Passenger in Dangerous Spot.—The fact that a passenger, in the hurry and excitement of an attempt to escape from the peril of a threatened collision of trains, alights upon an unsafe and dangerous spot, will not, of itself, necessarily defeat a right of recovery, although a safe and secure spot was at hand and equally ready of access.

Id. — Pleading and Evidence — Charge of Being "Thrown Upon Track"—Proof of Single Act—Evidence not Objected to.—Under a count in the complaint averring that plaintiff, "in her effort to escape from said car and avoid probable injury and death, was thrown with great violence and force upon the track of defendant's railroad, and was greatly and severely injured," proof may be given of her jumping from the train, her falling or being thrown upon the track, and her rolling from the track down the embankment, which may be regarded as a single act whereby she was injured, filling the measure of the averment, especially where the evidence was not objected to as not being within the pleadings.

ID.—REFUSAL OF INSTRUCTION—APPLICABILITY TO ONE COUNT, AND NOT TO ANOTHER.—Where the complaint in the first count alleged that the injury was the result of a collision of the trains, but in the second count alleged that it resulted from an escape from the car to avoid peril of death from the threatened collision, in which she was thrown upon the track with violence to her injury, the cause of action in the second count in no way depends upon an actual collision; and a requested instruction that plaintiff cannot recover unless she has proved by a preponderance of evidence that the collision caused her injury is properly refused.

ID.—INJURY RESULTING TO PASSENGER—PRIMA FACIE CASE—BURDEN OF PROOF UPON CARRIER.—Evidence that plaintiff was a passenger in defendant's car, and was injured as the result of the operation by the defendant of colliding trains, makes a *prima facie* case against the defendant. The burden of proof is then thrown upon the defendant, as a carrier of passengers, to overcome such *prima facie* case; and if such burden is not sustained, the verdict should be for the plaintiff.

ID.—CRUDENESS OF TRAIN—RIGHTS OF PASSENGER NOT WAIVED—RESPONSIBILITY OF CARRIER.—The plaintiff by riding as a passenger for hire in a car which, with the locomotive attached, was a crude affair, waived none of her rights as a passenger. The defendant, in transporting her as a passenger for hire, was subject to all of the rules of law which bind common carriers of passengers; and the plaintiff was entitled to the same care of the defendant for her safety as though she were a passenger upon a Pullman train.

ID.—EVIDENCE—COMPLAINTS OF PAIN AND SUFFERING TO NURSE—EXPERT—HEARSAY.—Evidence that during the first week after the injury of the plaintiff she made complaints of pain and suffering to the nurse attending upon her is admissible. It involves no principle of expert evidence, and is not objectionable as hearsay.

ID.—DECLARATIONS INDICATIVE OF PRESENT PHYSICAL CONDITION.—Involuntary declarations and exclamations indicative of a present physical condition are competent evidence, as distinguished from objectionable declarations, only amounting to the statement of a past condition.

APPEAL from a judgment of the Superior Court of Humboldt County and from an order denying a new trial. E. W. Wilson, Judge.

The facts are stated in the opinion of the court.

S. M. Buck, for Appellant.

Plaintiff was bound to establish her case as alleged, which she did not do. (*Mondran v. Goux*, 51 Cal. 151; *Heinlen v.*

*Heilbron,* 71 Cal. 563; *Shenandoah etc. Co. v. Morgan,* 106 Cal. 417; *Elmore v. Elmore,* 114 Cal. 519; *Waldhier v. Hannibal etc. Ry. Co.,* 71 Mo. 514; *Marquette etc. R. R. Co. v. Marcott,* 41 Mich. 435; *Batterson v. Chicago etc. Ry. Co.,* 49 Mich. 184; *Chicago etc. R. R. Co. v. Lee,* 68 Ill. 576; *Manuel v. Railroad Co.,* 56 Iowa, 655.) The evidence shows that the injury was the result of plaintiff's own negligence. (*Baltimore etc. R. R. Co. v. Boteler,* 38 Md. 568.) The evidence of the nurse was not admissible, such evidence being confined to skilled physicians, or to declarations made immediately after the accident. (*Barber v. Merriam,* 11 Allen, 324, 325.)

J. H. G. Weaver, and W. F. Clyborne, for Respondent.

All injuries resulting by reason of the defendant's negligence, though remotely occasioned, are recoverable. (*Brown v. Chicago etc. Ry. Co.,* 54 Wis. 342.[1]) There was no variance between the pleading and proof; and no objection having been taken to the evidence in support of the complaint, objection cannot be raised thereto upon appeal for the first time. (*Stockton Combined Harvester etc. Works v. Glenn Falls Ins. Co.,* 121 Cal. 167; *Elmore v. Elmore,* 114 Cal. 519.) The complaints of pain and suffering made to the nurse in attendance upon plaintiff were admissible. (*Bridge v. Oshkosh,* 71 Wis. 363, and cases cited.) The instructions given were correct; and the instructions refused were incorrect. The question of contributory negligence was properly left to the jury.

GAROUTTE, J.—This is an action to recover damages for personal injuries. Defendant appeals from the judgment and order denying a motion for a new trial. Defendant was engaged in the lumber business, and in connection therewith operated a railroad. Plaintiff was a passenger upon this railroad, traveling from the town of Scotia to Alton. The railroad was a single track road, and between these two points, while the train was going at the rate of eight or ten miles an hour, an approaching freight train disclosed itself in front, a few hundred feet distant, as it emerged from around a curve. A collision seemed certain, and the plaintiff, as well as others upon

---

[1] 41 Am. Rep. 41.

the train, escaped therefrom to the ground. In her efforts to escape the threatened danger she jumped or stepped from the train, fell upon the track, and rolled down an embankment, suffering great personal injuries. Various questions are raised by this appeal upon the giving and refusing of certain instructions as to the law, and some rulings upon the admission and rejection of evidence are also assailed.

It may be conceded that when the defendant attempted to operate two trains upon a single track at the same place and time, and traveling in opposite directions, it was guilty of gross negligence. But defendant now insists that plaintiff was guilty of contributory negligence, first, in this: that if she had not jumped from the train she would not have been injured, and, *ergo,* she should not have jumped; and, second, that after having jumped she should not have fallen and rolled down the embankment. When a passenger upon a railroad train observes a second train upon the same track a few hundred feet distant, the two trains rapidly approaching each other, danger is right at his elbow, and it behooves him to do something and do it quickly. There is no time to enter into mental calculations, mathematical or otherwise, as to whether or not it is best to stand your ground and trust to some advertment of the collision, or, upon the contrary, attempt to escape from the scene of the danger at the quickest possible moment. And the law recognizes that under these circumstances a man may do the wrong thing, his act thereby resulting in an injury to himself, and yet not be held guilty of contributory negligence. This principle of law may be thus stated: "If a railroad company so operates its trains as to place its passengers in situations apparently so dangerous and hazardous as to create in their minds a reasonable apprehension of peril and injury, and thereby excite their alarm and induce them to make efforts to escape, and if in such efforts to escape they receive personal injuries, it is responsible in damages for its negligence." Under the circumstances of this case, tested by this principle of law, it was essentially a question of fact for the jury as to whether or not plaintiff was justified, in view of all the surrounding conditions, in jumping from the train.

The same principle of law may be invoked upon the second contention made as to contributory negligence.   If the danger of collision is hanging right over a passenger's head, the proprieties and niceties usually demanded of passengers in alighting from trains certainly need not be observed to their full extent. Under those circumstances a person does not stand and ponder upon the order of his going, but goes at once.   A safe or unsafe spot may be chosen upon which to alight from the car.   If the spot be unsafe and dangerous, that fact, of itself, will not necessarily defeat a right of recovery, even though a safe and secure spot was at hand and equally ready of access.   The plaintiff testifies that in jumping from the train she fell upon the track face downward, that danger still threatened her there as the cars were liable to pass over her, and in rolling from the track she was carried down the embankment.   This court will not hold, as matter of law, that her acts, under the circumstances detailed, amount to contributory negligence.

The complaint in this case is composed of three counts.   The second count is to the effect that by reason of the threatened collision of the two trains, and fearing greater danger therefrom, said plaintiff, "in her effort to escape from said car and avoid probable injury and death, was thrown with great violence upon the track of defendant's railroad and was greatly and severely injured."   Whatever may be said as to the insufficiency of the evidence to support the other counts of the pleading, there can be no question but that the evidence is sufficient to support the count to which we have referred.   The jumping from the train by reason of the threatened collision, the falling or being thrown upon the track, and the rolling from the track down the embankment, may be grouped as a single act, and it fairly fills the measure demanded by the allegation in the count to the effect that in escaping from the train she "was thrown upon the track and injured."   Especially is this true when we consider that all this evidence went to the jury without a single objection to the effect that it was not within the pleadings.

Complaint is made of the refusal of the court to give an instruction, which, among other matters, contained the following language: "I call your particular attention to these allegations of the complaint, and charge you that unless the plaintiff has

shown by a preponderance of evidence that her injury was the result of a collision, then your verdict must be for defendant. In other words, the plaintiff having alleged in her complaint that the collision caused her injury, it is necessary that she should prove such allegation precisely as made; and in case of failure to do so, plaintiff would not be entitled to recover, even though the jury believed that defendant was negligent." The instruction was properly refused, for, as we have seen, the second count of the complaint contains no claim that the injury to plaintiff was directly occasioned by the collision. It was the attempt of plaintiff to escape from the threatened collision which resulted in her injury. The cause of action set out in the second count of the complaint in no way depended upon an actual collision of the two trains, and that count would have been equally as meritorious if no collision had ever taken place.

Defendant claims that it was "damaging" error to give the following instruction: "In this case all that is necessary for plaintiff to prove in the first instance is that she was a passenger in defendant's car; that said car came into collision with one of defendant's trains, while they were being run by defendant; and that the injuries of plaintiff resulted by reason thereof. This establishes a *prima facie* case against the defendant. The burden of proof is then thrown upon defendant, . . . . and if defendant has failed in this they should find for plaintiff." This instruction contains a sound elementary principle of law applicable to common carriers, and no objection can be made to it. We have also examined with care the other instructions given and refused by the trial court, and find no valid objection to its action in dealing with them.

The witness who acted as a nurse for plaintiff during the first week after her injuries were received, was asked the following question: "You may state any complaints of pain and suffering which you heard." The objection to this question upon the ground that the witness was not an expert amounts to nothing. No principle of expert evidence is involved in the question. Neither do we consider the evidence objectionable as hearsay. Involuntary declarations and exclamations of a person's present pain and suffering are admissible as tending in some degree to show his physical condition. Of course, when these declarations

only amount to statements of his past condition they should be rejected. (*Bride v. Oshkosh,* 71 Wis. 363; *Will v. Mendon,* 108 Mich. 251.) The question here proposed comes fairly within the true rule of law and was proper. If the answer was too broad, as unresponsive to the question, the remedy of appellant is found in a motion to strike out. In view of the serious injury suffered by plaintiff as a result of the accident, the question and answer, as far as they were relevant, were matters of very minor importance under any circumstances. Regarding the testimony of Dr. Felt, the motion to strike out the answer of the witness came too late, even if it be conceded that the question was an improper one.

The car with the locomotive attachment upon which plaintiff was riding at the time of the accident was a crude affair. And it is now claimed by defendant that plaintiff, in riding upon such a train, waived certain rights to which she might have been entitled if riding upon an ordinary passenger train. The claim that plaintiff was extended the privilege of riding in the car is of no force. Defendant, in running this car, carried passengers for hire. Plaintiff paid her fare, and defendant was a common carrier in transporting her, subject to all the rules of law which bind a common carrier of passengers in the performance of its duty. Plaintiff waived no rights, and was entitled to the exercise of the same care upon the part of defendant, looking to her safety, as though she had taken passage upon a Pullman train. We find no error in the instructions bearing upon this branch of the case.

For the foregoing reasons the judgment and order are affirmed.

Van Dyke, J., and Harrison, J., concurred.