[S. F. No. 3489.    Department One.—October 11, 1905.]

MARGARET CODY, Respondent, v. MARKET STREET
RAILWAY COMPANY, Appellant.

CARRIERS—STREET RAILROADS—INJURIES TO PASSENGERS—INSTRUCTION
—DEGREE OF CARE REQUIRED.—In an action for injuries received
by a passenger on a street-car through the alleged negligence of
the defendant in starting the car while plaintiff was alighting
therefrom, it was proper to instruct the jury that ''the carrier of
passengers is required to exercise the highest degree of care in
their transportation, and is responsible for injuries received by
them in the course of their transportation which might have been
avoided by the exercise of such care.''

ID.—OPERATION OF INSTRUMENTALITIES—PRESUMPTION OF NEGLIGENCE—
IMPORT OF INSTRUCTION — PREPONDERANCE OF EVIDENCE. — Where
there was evidence for the plaintiff sufficient to warrant it, it was
proper to instruct the jury that ''when it is shown that the injury
to the passenger was caused by the act of the carrier in operating
the instrumentalities employed in its business, there is a presump-
tion of negligence which throws upon the carrier the burden of
showing that the injury was sustained without any negligence on
his part.'' Such instruction imports only the burden of meeting
a *prima facie* case, and not of proving the contrary by a pre-
ponderance of evidence; and the jury could not be misled when
they were properly instructed that plaintiff must prove negligence
by a preponderance of evidence.

ID.—DUTY OF CARRIER TO PASSENGER ALIGHTING.—The relation of car-
rier and passenger continues to exist while the passenger is ex-
peditiously alighting from the car; and the carrier is bound to
exercise the same high degree of care in affording a passenger a
reasonable opportunity to alight in safety as in carrying him safely.

ID.—PRESUMPTION OF NEGLIGENCE FROM INJURY.—If a passenger while
alighting with due care is injured by some act of the carrier in
operating the car a presumption of negligence on the part of the
carrier at once arises.

ID.—UNNECESSARY INSTRUCTION AS TO ISSUES.—Though it is proper for
the court to state to the jury the issues to be determined by them,
it was not necessary to give a requested instruction as to the issues,
where they were exceedingly simple, and there was apparently no
dispute between the parties as to what they were, and presumably,
in the absence of anything to the contrary in the record, they had
been correctly stated to the jury by counsel.

ID.—PROPER REFUSAL OF REQUESTED INSTRUCTIONS.—It was proper to
refuse requested instructions which were fully covered by the
instructions given, or which were irrelevant, or the failure to give

which could not substantially affect the rights of the appellant, in view of the record.

ID.—PRESUMPTION AS TO VERDICT.—It is not to be assumed that the jury may have included in their verdict any award for injuries, concerning which there was no evidence, and which were not specifically alleged in the complaint.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a new trial. John Hunt, Judge.

The facts are stated in the opinion of the court.

C. W. Cross, for Appellant.

Sullivan & Sullivan, for Respondent.

ANGELLOTTI, J.—This is an action for damages for personal injuries, alleged to have been received by plaintiff through the negligence of defendant while alighting from one of defendant's cars, upon which she was a passenger. She obtained judgment for seven hundred and fifty dollars, and defendant appeals from an order denying its motion for a new trial. The only points made on this appeal relate to the action of the trial court in the matter of instructing the jury.

1. The case made by plaintiff was substantially as follows, viz.: Being a passenger on a northbound Devisadero-Street car, in the city and county of San Francisco, she desired to alight at Eddy Street; but owing to the fact that the conductor was engaged in another portion of the car, she was unable to inform him of her desire until after the car had passed Eddy Street and was between Eddy Street and Ellis Street, the next crossing north of Eddy. She then informed him of her desire and explained why she had not told him earlier. The car was stopped shortly before it reached Ellis Street. She immediately attempted to alight, and while doing so, one of her feet being on the ground and the other on the bottom step of the car, the car was started, and she was thereby thrown to the ground and injured. Her claim was that the car was negligently started by defendant while she was in the act of alighting, and that such negligence

was the sole cause of her injury, and it is not contended that the evidence submitted on her behalf was in any way insufficient to support a verdict in her favor. The reply made to plaintiff's evidence by defendant was confined exclusively to evidence tending to show that the car did not stop at all between Eddy and Ellis streets, and stopped only after it had turned from Devisadero into Ellis, and that plaintiff, notwithstanding a statement made to her by the conductor to the effect that she could not get off until the car reached Ellis Street, stepped off the car before it reached Ellis Street and while it was still moving. Under these circumstances, the trial court, at the request of plaintiff, instructed the jury as follows, viz.: "The rule concerning the obligations of common carriers of passengers is thus stated by the supreme court of this state in *McCurrie* v. *Southern Pacific Co.*, 122 Cal. 561, [55 Pac. 325]: 'The carrier of passengers is required to exercise the highest degree of care in their transportation, and is responsible for injuries received by them while in the course of transportation which might have been avoided by the exercise of such care. Hence, when it is shown that the injury to the passenger was caused by the act of the carrier in operating the instrumentalities employed in his business, there is a presumption of negligence which throws upon the carrier the burden of showing that the injury was sustained without any negligence on his part.'" It is claimed that the court erred in giving this instruction.

It is suggested that the effect of this instruction was to make it incumbent on defendant to overcome the showing of plaintiff by a preponderance of evidence, whereas under the universally recognized rule no verdict could be rendered for plaintiff in the absence of a preponderance of evidence showing negligence on the part of defendant. That this contention is not well founded is shown by the opinion of this court in several cases where the question has been discussed. Such an instruction simply informs the jury that, when the facts stated therein are shown, a presumption of negligence on the part of the carrier arises, which is sufficient to make out a *prima facie* case for the plaintiff, and require the defendant to meet the case thus made, or, in other words, to answer the *prima facie* case, or it will prevail. But it does not require a defendant to show want of negligence by a preponderance

of evidence. It does no more than to require him to make
such showing as to want of negligence as will leave the jury,
with all the evidence before it, unsatisfied as to whether there
was negligence on defendant's part, and if on the whole case
the scale does not preponderate in favor of the presumption
of negligence and against the defendant's proof, plaintiff is
not entitled to a verdict, for he has not established his case
by a preponderance of evidence, as he was compelled to do
under the well-settled rule. The term "burden" or "burden
of proof" is frequently used to signify simply the burden
of meeting a *prima facie* case, rather than the burden of pro-
ducing a preponderance of evidence, and as used in the in-
struction in question imported nothing more. The distinction
is clearly shown in the opinions of this court in *Scott* v.
*Wood*, 81 Cal. 398, 400, [22 Pac. 871]; *Patterson* v. *San
Francisco etc. Ry. Co.* (Cal.) 81 Pac. 531, 533; and *Kahn* v.
*Triest etc. Co.*, 139 Cal. 340, 344, [73 Pac. 164]. Upon the
proposition that it was necessary for the plaintiff to prove
her case by a preponderance of evidence, the trial court cor-
rectly instructed the jury that they should find a verdict for
the defendant "unless the plaintiff has shown by a prepon-
derance of the evidence that she was injured by the negligence
of the defendant," and there could not reasonably have been
any misunderstanding on the part of the jury as to the
meaning of the instruction complained of. It is the settled
law in this state that such an instruction may properly be
given where the circumstances of the case justify it, and that
it is not open to the objection under discussion. (*Osgood* v.
*Los Angeles Traction Co.*, 137 Cal. 280, 283, [79 Pac. 169, 92
Am. St. Rep. 171]; *Green* v. *Pacific Lumber Co.*, 130 Cal.
435, 440, [62 Pac. 747].) The instruction correctly stated
the law applicable to common carriers of passengers (*McCur-
rie* v. *Southern Pacific Co.*, 122 Cal. 558, 561, [55 Pac. 324],
and the rule stated therein is as applicable to street-railway
companies as it is to other carriers. (*Bosqui* v. *Sutro Railroad
Co.*, 131 Cal. 390, 400, [63 Pac. 682].)

It is, however, claimed that, conceding that the instruction
may be given in a proper case, it was not applicable under
the facts in this case. We are unable to perceive any merit
in this contention. There can be no question that the relation
of carrier and passenger continues to exist while the passenger

is expeditiously engaged in the act of carefully and prudently alighting from the car, and that the carrier is bound to exercise the same high degree of care in affording a passenger a reasonable opportunity to alight in safety as in carrying him safely. (Booth on Street Railway Law, secs. 326, 329, 337, 349.) If a passenger while alighting with due care from a car is injured by some act of the carrier in operating the car, a presumption of negligence on the part of the carrier at once arises. Proof of such facts, as has often been said, causes the case to fall within the rule given by Shearman & Redfield on Negligence, sec. 59: ''When a thing which causes injury is shown to be under the management of the defendant, and the accident is such as in the ordinary course of things does not happen, if those who have the management use proper care, it affords reasonable evidence, in the absence of explanation by the defendant, that the accident arose from a want of care.'' (*McCurrie* v. *Southern Pacific Co.*, 122 Cal. 561, [55 Pac. 525]; *Osgood* v. *Los Angeles Traction Co.*, 137 Cal. 280, 283, [79 Pac. 169, 92 Am. St. Rep. 171].) The rule has been held applicable in cases of passengers entering upon and alighting from street-cars. (*Birmingham etc. Ry. Co.* v. *Hale*, 90 Ala. 8, 12, [8 South. 142, 24 Am. St. Rep. 748]; *City etc. Railway* v. *Findley*, 76 Ga. 311; *Dougherty* v. *Missouri R. R. Co.*, 81 Mo. 325, [51 Am. Rep. 239].) Of course, the mere fact unexplained that such a person was injured while entering or leaving a car would raise no such presumption, but where the evidence shows that the injury was caused by the act of the carrier in operating the instrumentalities employed in his business, and that the passenger was exercising due care, there can be no question as to the application of the rule enunciated in this instruction. (Booth on Street Railway Law, sec. 361.) The evidence introduced by plaintiff tended to show such a condition of affairs, and undoubtedly made a *prima facie* case in her favor upon the question of negligence, and entitled the plaintiff to have the instruction given.

2. It is complained that the court erred in refusing to give an instruction requested by defendant purporting to be a statement as to what plaintiff alleged in her complaint and what defendant denied. It may be conceded that it is always entirely proper for the trial court to state to the jury the

issues to be determined by them, and it may be that in some cases, by reason of peculiar circumstances existing, such a statement would be necessary in order that the jury might clearly understand the particular questions to be decided; but we see nothing in the record of this case to indicate that such a statement by the court was at all necessary. The issues made by the pleadings were exceedingly simple, there was apparently no dispute between the parties as to what they were, and presumably, in the absence of anything to the contrary in the record, they had been correctly stated to the jury by counsel. (Code Civ. Proc., sec. 607.)

3. The instruction requested by defendant to the effect that if plaintiff's injuries were caused solely by her negligently alighting from the car while it was in motion she could not recover was fully covered by other instructions given, and the refusal to give it was therefore not erroneous.

4. Each of two instructions requested by defendant and refused by the court embodied the proposition that the failure of the car to stop at Eddy Street could not be considered the proximate cause of any injury sustained by plaintiff, or entitle her to recover. There was no intimation either in the complaint, evidence, or instructions, of any claim of negligence on the part of defendant in the matter of the failure of the car to stop at Eddy Street. The plain effect of certain instructions given was, that the only negligence on the part of defendant to be considered at all was such as related to the management of the car at the very moment of the accident, or, as put in one of the instructions, "at the time she attempted to alight from the car," and there could have been no misunderstanding on the part of the jury in this regard.

5. Defendant's requested instruction No. 9 was fully covered by other instructions given.

6. Complaint is made of the refusal of the court to give a requested instruction in terms limiting the amount to be awarded plaintiff, in the event of her recovery, to such a sum as would reasonably compensate her for the damages sustained by reason "of being bruised in the region of the shoulders and left arm, and by nervous shock," which were the injuries specifically alleged in her complaint. We think this instruction embraced both the general and special damages alleged, and stated the law correctly. At the same time,

a careful examination of the record satisfies us that the failure to give the instruction could not have substantially affected defendant's rights. The court had already instructed the jury as to the proper measure of damages,—namely, such amount as would compensate plaintiff for the injuries proximately caused by defendant's negligence. There was practically no evidence relating to any injury other than those specifically alleged in the complaint, and it is not to be assumed that the jury may have included in their verdict any award for injuries concerning which there was no evidence.

This disposes of all the points made by appellant.

The order denying the motion for a new trial is affirmed.

Shaw, J., and Van Dyke, J., concurred.