[Civ. No. 7801.   Third Dist.   Nov. 21, 1950.]

MATT POHLER et al., Respondents, v. HUMBOLDT MOTOR STAGES, INC. (a Corporation), Appellant.

Falk & Falk for Appellant.

E. S. Mitchell for Respondents.

VAN DYKE, J.—This is an appeal by defendant after judgment in favor of plaintiffs. The action was for recovery of damages resulting from a collision between plaintiffs' automobile and defendant's truck. Immediately preceding the collision respondent Matt Pohler was driving his automobile in a northerly direction on U. S. Highway 101 near the point known as "Clam Beach Inn." He was accompanied by respondent Lida Pohler, his wife. The appellant's equipment, consisting of a truck and trailer, was proceeding southerly. The highway for some distance south of the point of collision has a descending grade and at the bottom of the grade opposite the inn makes a sharp turn to the right of one driving north. Northerly of the point of collision the road likewise has a

downgrade of less declivity. West of the point of collision and approximately at the bottom of the grades Clam Beach Inn is situated. A wide shoulder extends from the road down to the parking area of the inn. Along the east side of the road and rounding the curve for some distance is a wooden retaining wall and the road makes its turn around this bank. In the immediate vicinity of the point of collision and before one driving southerly reaches the curve the highway is posted as a thirty-mile per hour zone. The evidence supports the following statement of fact. Respondents, driving down the hill south of the turn, decided they would stop at the inn and obtain some ice cream. To accomplish this, respondent Matt Pohler started to cross the center line of the road into the west lane of traffic at a point somewhere upon the turn. There is a conflict of evidence as to how far he got across the white line. He testified that he passed over the line a distance of 6 or 8 inches and in his deposition he said that he was astraddle of the white line. His stated intention was to cross the road, go onto the wide shoulder of the west side and down into the parking area. At this juncture he saw appellant's truck and trailer coming from the north. Attempting to avoid a collision Pohler began bringing his car back to the east lane of traffic. He testified he got back into his own lane at once when he observed the truck and trailer was in the east traffic lane and when the vehicles were still approximately 75 yards apart. He was going about 10 miles per hour at the time of the collision. The truck was on its wrong side of the road. The collision occurred in the east lane of traffic and when the vehicle came to rest the Pohler car was close to the bulkhead, appellant's truck was in the east lane and the trailer had jackknifed and was across the west lane. A traffic officer testified that the Pohler car had been shoved back about 35 feet and that the truck and trailer had left skid marks for a distance of 39 steps. The same witness found all of the debris indicated the point of collision was in the east lane. The driver of the truck had been accidentally drowned after the collision and before trial, but his statements to the traffic officer were introduced in evidence and it appeared therefrom his own estimate of the speed at which he was traveling was 40 to 45 miles per hour. A witness who had been driving southerly ahead of the truck and who turned out onto the shoulder to let the truck pass testified that its speed was 45 miles per hour. Matt Pohler said that the truck when he saw it was approaching at terrific speed which he estimated

at 60 miles or more per hour. The wheelbase of the truck and trailer was 56 feet. The equipment was empty and weighed 33,000 pounds. At the point of collision respondent Pohler could see 200 yards of the road in front of him, but 25 feet back could see only 100 yards.

The jury returned a verdict in favor of respondents and from the judgment entered thereon this appeal is taken. Appellant first contends that respondent Matt Pohler was negligent in the operation of his car as a matter of law and that therefore no recovery could be had. Specifically, it is said that when Pohler attempted to cross the highway he violated section 530, subdivision (b) 1 of the Vehicle Code of this state, which provides:

"No vehicle shall at any time be driven to the left side of the roadway under the following conditions:

"1. When approaching the crest of a grade or upon a curve in the highway where the driver's view is obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction."

█ It is true that a driver approaching a curve is under increased obligation to be on his proper side of the road and to reasonably anticipate that a vehicle from the opposite direction may appear at any moment. █ But it is equally true that in determining when one may safely cross the opposing lane of traffic in leaving the highway a driver is entitled to assume, there being no indication to the contrary, that approaching vehicles will likewise be obeying the law and not round such a curve at a speed greatly in excess of the posted limit.

█ We think that all that can be said upon the matter of respondent Matt Pohler's negligence is that it was a question of fact for the jury and that their determination that he was not negligent cannot be disturbed on appeal. In *Pewitt* v. *Riley*, 27 Cal.2d 310, 316 [163 P.2d 873], the Supreme Court said in a motor vehicle case:

" . . . The applicable principles are those recently summarized by this court in *Anthony* v. *Hobbie* (1945), 25 Cal.2d 814, 818 [155 P.2d 826], as follows: 'But cases in which it can be said that the negligence of plaintiff contributes proximately to the accident as a matter of law are rare. The rule has been stated in various ways in a legion of cases, that contributory negligence is not established as a matter of law unless the only reasonable hypothesis is that such negligence exists; that reasonable or sensible men could have drawn

that conclusion and none other; that where there are different inferences that may be drawn, one for and one against, the one against will be followed; and that before it can be held as a matter of law that contributory negligence exists, the evidence must point unerringly to that conclusion.' ''

While Pohler's view of the highway from 25 to 30 feet back of the point of impact was only 100 yards, still this court cannot say as a matter of law that it would be impossible for him to have crossed the highway toward the west with reasonable safety had appellant's truck been proceeding at a reasonable speed. The jury were entitled to conclude its speed was anywhere within the limits of the testimony, 45 to 60 miles per hour and over. The highway was 24 feet wide so that Pohler could have crossed in a small fraction of time. When, instead of completing his maneuver, on seeing the truck and trailer rounding the turn Pohler pulled back into his own lane, the jury could conclude that this was a reasonably careful thing to do, the emergency considered, and if, as appellant argues, the truck driver seeing Pohler apparently crossing over swung into the east lane in an effort to avoid collision, they were still entitled to say that the sole proximate cause of the accident was the speed at which defendant's equipment was coming; that the emergency was created by that factor and that the actions of the drivers when they became aware of the emergency did not prevent the conclusion that the original negligence of appellant's driver was the sole proximate cause of the collision.

With respect to turning upon roadways, this court in *Spear* v. *Leuenberger*, 44 Cal.App.2d 236, 247 [112 P.2d 43], said:

'' . . . We do not understand it to be the rule that a person is required to know that the turning movement can be made with safety. All that is required is that he take the precautions which a reasonably prudent person would take under the circumstances reasonably appearing to him at the time. In the case of *Ruperto* v. *Thomas*, 113 Cal.App. 523 [298 P. 851], at page 526, it is said: 'Section 130(a) of the California Vehicle Act provides in part: ''The driver of any vehicle upon a public highway before starting, turning or stopping such vehicle shall first see that such movement can be made in safety. . . . ''

'' 'This language does not mean the driver of a vehicle may not turn his machine at an intersection of streets unless there

is absolutely no possibility of an accident. It must receive a reasonable construction. No specific acts or omissions of the driver of a motor vehicle in changing the course of his machine at the intersection of streets may be characterized as negligent under all circumstances. The negligence of a driver must be determined by an application of the well settled rule of negligence as to what a reasonably prudent person should do under like circumstances. The language of section 130(a) above quoted should be construed to mean that the driver of a vehicle upon a public highway, before starting, turning or stopping such vehicle must use such precaution as would satisfy a reasonably prudent person acting under similar circumstances that he could do so safely. The question as to whether the conduct of a driver of a vehicle amounts to contributory negligence under the particular circumstances is a problem for the determination of the trial court or jury.' "

While this was said concerning the statute governing starting, turning or stopping in general, nevertheless what is said is applicable under the quoted statute, section 530(b), *supra,* governing driving to the left side of the roadway. Respondent, moreover, had a general right to cross into the east lane and leave the highway to carry out his purpose and whether or not when he did so his view was obstructed within such distance as to create a hazard in the event another vehicle might approach from the opposite direction is a question of fact which the jury, who at the close of evidence were taken to the scene of the accident, might decide as they did.

■ Appellant next contends that the court erred in its instructions to the jury on the subject of speed. The court instructed the jury as follows:

"The speed at which a vehicle travels upon a highway, considered as an isolated fact, and simply in terms of so many miles an hour, is not proof either of negligence or of the exercise of ordinary care. Whether the rate of speed is a negligent one is a question of fact, the answer to which depends upon all the surrounding circumstances.

"The basic speed law of this state is as follows:

"No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on and the surface and width of the highway, and in no event at a speed which endangers the safety of person or property.

"A violation of this basic rule is negligence."

Upon the same subject the defendant requested the following instruction, which was refused:

"I instruct you that driving in excess of the legal rate of speed does not constitute negligence as a matter of law but in all civil cases it shall be necessary to establish as a fact that the operation of a vehicle at such excess speed constitutes negligence. In other words plaintiff has the burden of showing that under the circumstances existing at the time and place of the accident such speed was as a matter of fact negligent.

"Plaintiff must also show that such speed was the proximate cause of the accident."

While the requested and refused instruction was a correct statement of the law, and might well have been given, we are unable to see that its refusal constituted error under the facts as shown by the record here. The jury had been clearly told that proof of speed alone in the sense of miles per hour was not proof of negligence, and that whether a given rate of speed was a negligent one was a question of fact dependent upon the surrounding circumstances. To that extent the instruction given and that refused were identical. The basic speed law as given to the jury contains no reference to speed limits in terms of miles per hour and this part of the instruction left to the jury, as did the first part, the question of whether or not under the circumstances the basic speed law had been violated. It properly told them if it found it had been violated such violation was negligence. The requested instruction did tell the jury it was plaintiffs' burden to prove that any excess speed was negligent. But the jury had been told in other instructions that the burden of proving negligence was upon respondents and the court's instructions had properly and aptly defined negligence, contributory negligence and proximate cause. Taking these things into consideration, we do not think it was error to refuse the instruction requested. Clearly it could not be said that any real or fancied vice in the refusal of that instruction would justify reversal of the judgment here in the face of the constitutional mandate.

There being no other assignments of error, the judgment is affirmed.

Adams, P. J., and Peek, J., concurred.