[S. F. No. 18808. In Bank. Aug. 21, 1953.]

SALLY HARDIN, Respondent, v. SAN JOSE CITY LINES, INC. (a Corporation), Appellant.

Campbell, Hayes & Custer, Frank L. Custer and W. R. Dunn for Appellant.

Rettig & Dunn and Frederick E. Rettig for Respondent.

GIBSON, C. J.—This action was brought to recover damages for injuries which plaintiff sustained while riding in a bus operated by defendant. The jury returned a verdict for plaintiff, and defendant has appealed from the judgment.

Plaintiff testified that she was riding in one of defendant's buses and that when she was near her destination she signaled for a stop, arose from her seat while the bus was in motion, and went forward to the stairwell at the right of the driver, where she stood facing the door. Under her right arm she was carrying a shopping bag containing groceries, and with her left hand she grasped a vertical bar at the top of the stairwell. The bus was traveling at approximately 30 miles an hour in a 25 mile zone, and it came to a sudden halt when it was about 150 feet from the regular stopping place. Plaintiff was thrown forward and struck her back against a horizontal handrail which extended across the front of the bus, and she sustained serious injuries. She did not see anything that would have caused the bus to come to a sudden stop but heard the driver exclaim, "That darned fool will kill himself and someone else, too." The driver then asked plain-

tiff if she was hurt, and she replied that she did not think she was. He also asked for her name and address, and she gave them to him.

Defendant's evidence with respect to the happening of the accident consisted of the testimony of two of its officers that the company received no report of the accident, although its drivers had orders to report all such occurrences, and the testimony of five bus drivers who were said to be the only drivers on the route traveled by plaintiff at the time. Each of the drivers testified that no incident of the kind described by plaintiff had occurred on his bus. Another witness testified that about a month after the alleged accident plaintiff stated that her back was bothering her, that it was bandaged because a man named Ray had hit her, and that she was suing the city bus line.

The principal question is whether the court erred in giving the following instruction upon the doctrine of res ipsa loquitur: "Now, from the happening of an accident such as involved here, there arises an inference that the proximate cause of the occurrence was some negligent conduct on the part of the defendant. That inference is a form of evidence, and if there is none other tending to overthrow it, or if the inference preponderates over contradictory evidence, it warrants a verdict for the plaintiff. Therefore, you should weigh any evidence tending to overcome that inference, bearing in mind that it is incumbent upon the defendant to rebut the inference by showing that it, in fact, exercised the utmost care and diligence, or that the accident occurred without being proximately caused by any failure of duty upon it, the bus' part. . . ."

The first sentence of the instruction erroneously assumes that an accident occurred in the manner claimed by plaintiff. As we have seen, there was evidence from which it might be reasonably inferred that no accident in fact occurred and that plaintiff's injuries were the result of having been struck by a person with whom plaintiff was acquainted. In these circumstances the instruction should have been prefaced by language such as "If, and only in the event, you should find that there was an accidental occurrence as claimed by plaintiff. . . ." (*Cf. Black* v. *Partridge*, 115 Cal.App.2d 639, 650 [252 P.2d 760]; see *Freitas* v. *Peerless Stages, Inc.*, 108 Cal.App.2d 749, 757 [239 P.2d 671]; California Jury Instructions, Civil [B.A.J.I.] No. 206, as compared with No. 206-B.) It does not appear, how-

ever, that the error was prejudicial since the jury was told in other instructions that there was a dispute as to whether an accident had in fact occurred and that the burden was on plaintiff to prove by a preponderance of the evidence that an accident happened as she claimed. The erroneous assumption contained in the res ipsa loquitur instruction is indirect and inferential, and in view of the specific instructions upon the factual issue it seems clear that the jury was not misled. Moreover, several of the instructions requested by defendant likewise assumed the occurrence of the accident, and this may well have operated to invite the error.

Defendant claims that the instruction in effect creates a presumption of negligence and that it invades the province of the jury. When considered as a whole, the instruction directs the jury that an inference of negligence arises from the happening of the accident and that the verdict must be for plaintiff if the inference is not rebutted by other evidence. [3] While some of the earlier decisions in this state used the word "presumption" in discussing the effect of res ipsa loquitur, it is now settled that the doctrine raises an inference of negligence and not a presumption. (*Scott* v. *Burke*, 39 Cal.2d 388, 398 et seq. [247 P.2d 313]; *Rose* v. *Melody Lane*, 39 Cal.2d 481, 487-488 [247 P.2d 335]; *Zentz* v. *Coca Cola Bottling Co.*, 39 Cal.2d 436, 440, 447-449 [247 P.2d 344]; *Anderson* v. *I. M. Jameson Corp.*, 7 Cal.2d 60, 66-67 [59 P.2d 962].) It is, of course, the general rule that whether a particular inference shall be drawn is a question of fact for the jury, even in the absence of evidence to the contrary. (Code Civ. Proc., § 1958; *Blank* v. *Coffin*, 20 Cal.2d 457, 461 [126 P.2d 868]; *Hamilton* v. *Pacific Elec. Ry. Co.*, 12 Cal.2d 598, 602-603 [86 P.2d 829].)

It is equally well settled, however, that an inference of negligence based on res ipsa loquitur arises in cases where a passenger on a common carrier is injured as the result of the operation of the vehicle and that the carrier is obliged to meet the inference by evidence sufficient to offset or balance it. (See *Mudrick* v. *Market Street Ry. Co.*, 11 Cal.2d 724, 731-734 [81 P.2d 950, 118 A.L.R. 533]; *St. Clair* v. *McAlister*, 216 Cal. 95, 98-99 [13 P.2d 924]; *Smith* v. *O'Donnell*, 215 Cal. 714, 721-722 [12 P.2d 933]; *O'Neill* v. *City & County of San Francisco*, 209 Cal. 418, 420 [287 P. 449]; *Scarborough* v. *Urgo*, 191 Cal. 341, 346 [216 P. 584]; *Dowd* v. *Atlas T. & A. Serv. Co.*, 187 Cal. 523, 531-532 [202 P. 870]; *White* v. *Red Mountain Fruit Co.*, 186 Cal. 335, 337-338, 340-

342 [199 P. 318]; *Rystinki v. Central Calif. T. Co.*, 175 Cal. 336, 344 [165 P. 952]; *Housel v. Pacific Elec. Ry. Co.*, 167 Cal. 245, 247 [139 P. 73, Ann.Cas. 1915C 665, 51 L.R.A.N.S. 1105]; *Valente v. Sierra R. Co.*, 151 Cal. 534, 539 [91 P. 481]; *Cody v. Market St. Ry. Co.*, 148 Cal. 90, 92-93 [82 P. 666]; *Osgood v. Los Angeles etc. Co.*, 137 Cal. 280, 282 [70 P. 169, 92 Am.St.Rep. 171]; *Green v. Pacific Lbr. Co.*, 130 Cal. 435, 440 [62 P. 747]; *Bush v. Barnett*, 96 Cal. 202, 203-204 [31 P. 2]; *Treadwell v. Whittier*, 80 Cal. 574, 583 [22 P. 266, 13 Am.St.Rep. 175, 5 L.R.A. 498]; *Boyce v. California Stage Co.* (1864), 25 Cal. 460, 467-469; *Fairchild v. California Stage Co.* (1859), 13 Cal. 599, 603-605.)

Accordingly, the trial court could properly instruct the jury that, if the accident happened as described by plaintiff, an inference arose that her injury was caused by defendant's negligence and that it was incumbent upon defendant to rebut the inference by showing that it exercised the utmost care and diligence.* This, of course, does not mean that the burden of proof shifts from plaintiff to defendant. The defendant has merely the burden of going forward with the evidence, that is, the burden of producing evidence sufficient to meet the inference of negligence by offsetting or balancing it. (*Scarborough v. Urgo*, 191 Cal. 341, 346-347 [216 P. 584]; *Valente v. Sierra R. Co.*, 151 Cal. 534, 538-542 [91 P. 481]; *Dodge v. San Diego Elec. Ry. Co.*, 92 Cal.App.2d 759, 766-767 [208 P.2d 37]; see *St. Clair v. McAlister*, 216 Cal. 95, 98-99 [13 P.2d 924]; *Bonneau v. North Shore R. R. Co.*, 152 Cal. 406, 410-412 [93 P. 106, 125 Am.St.Rep. 68]; *Cody v. Market St. Ry. Co.*, 148 Cal. 90, 92-93 [82 P. 666]; *Williamson v. Pacific Greyhound Lines*, 78 Cal. App.2d 482, 486 [177 P.2d 977].)

The decisions in this state do not clearly define the extent to which the rule relating to the procedural effect of res ipsa loquitur in carrier cases may be applicable to other situations, and we have been urged to discuss the general subject in this opinion as a guide to the profession even though such a discussion is unnecessary to a determination of this case. There are other cases now pending before this court, however, which involve certain phases of the subject,

---

*Section 2100 of the Civil Code provides: "A carrier of persons for reward must use the utmost care and diligence for their safe carriage, must provide everything necessary for that purpose, and must exercise to that end a reasonable degree of skill."

and the problem can be more appropriately dealt with there.

The next question is whether the court erred in instructing the jury with reference to the effect of excessive speed. The jury was told: "The speed at which a vehicle travels upon a highway, considered as an isolated fact and simply in terms of so many miles an hour, is not proof of negligence nor of the exercise of ordinary care. Whether that rate of speed is a negligent one is a question of fact, the answer to which depends upon all the surrounding circumstances, but the basic speed all over California is as follows, in the terms of the law: 'No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent, having due regard for the traffic on and the surface and width of the highway, and in no event at a speed which endangers the safety of persons or property.' A violation of this rule, if it is the proximate cause of the injury complained of, would be negligence."

The part of the instruction which sets forth the basic speed law is a quotation from section 510 of the Vehicle Code. A number of cases have held that it is proper to give an instruction in the terms of this section and to inform the jury that a violation of the statute is negligence. (*Pohler* v. *Humboldt Motor Stages, Inc.,* 100 Cal.App.2d 571, 577 [224 P.2d 440]; *Ferrula* v. *Sante Fe Bus Lines,* 83 Cal.App. 2d 416, 418-420 [189 P.2d 294]; *Maus* v. *Scavenger Protective Assn.,* 2 Cal.App.2d 624, 628-629 [39 P.2d 209] [decided under the provision as it appeared in the former California Vehicle Act].) The portion of the instruction to the effect that the speed of a vehicle, considered as an isolated fact and simply in term of so many miles an hour, is not proof of negligence, is in accord with section 513 of the Vehicle Code,* and the courts have approved similar statements of the rule. (*Pohler* v. *Humboldt Motor Stages, Inc.,* 100 Cal.App.2d 571, 576-577 [224 P.2d 440]; *Ferrula* v. *Santa Fe Bus Lines,* 83 Cal.App.2d 416, 418-420 [189 P.2d 294]; see *Reich* v. *Long,* 97 Cal.App.2d 657, 661 [218 P.2d 589]; *Hazelett* v. *Miller,* 115 Cal.App.2d 801, 807 [252 P.2d 997] [substantially identical statement in Cal. Jury Instructions, Civil (B.A.J.I., 1943) No. 144 was "admittedly proper"].)

---

*Section 513 of the Vehicle Code provides: "In any civil action proof of speed in excess of any prima facie limit declared in section 511 hereof at a particular time and place shall not establish negligence as a matter of law but in all such actions it shall be necessary to establish as a fact that the operation of a vehicle at such excess speed constituted negligence."

The jury was also instructed: "If you find that the public street upon which the bus of the defendant San Jose City Lines was being operated was in a business or residence district . . . then the prima facie speed limit on the part of the bus is 25 miles an hour, and speed in excess of 25 miles an hour would be prima facie unlawful. However, a violation of law is of no consequence unless it was the proximate cause or contributed in some degree as a proximate cause to an injury found to have been suffered by the plaintiff."

 It is proper under section 513 of the Vehicle Code to give an instruction on the prima facie speed limit even though proof of speed in excess of that limit is not enough, standing alone, to show that the vehicle was being operated negligently. This statute, applicable only in civil actions, provides that speed in excess of any prima facie limit declared in section 511* shall not establish neligence as a matter of law and that it is necessary to show as a fact that "such excess speed" constituted negligence. The words "such excess speed" clearly refer to an excess over the prima facie limit mentioned in the first part of the section, and it follows that the plaintiff may introduce evidence of the prima facie speed limit in order to show that there was "such excess speed." It has been held, accordingly, that in civil cases the prima facie speed limit is a factor to be considered with other pertinent factors and that the plaintiff is entitled to an instruction thereon. (*Lloyd* v. *Southern Pac. Co.*, 111 Cal.App.2d 626, 640-641 [245 P.2d 583]; *Johnson* v. *Williams*, 100 Cal.App.2d 294, 297-299 [223 P.2d 266]; *Burch* v. *Valley Motor Lines, Inc.*, 78 Cal.App.2d 834, 846-849 [179 P.2d 47]; *cf. Anderson* v. *Newkirch*, 101 Cal.App.2d 171, 178 [225 P.2d 247]; *Van Fleet* v. *Heyler*, 51 Cal.App.2d 719, 727 [125 P.2d 586]; *Daniels* v. *City & County of San Francisco*, 40 Cal.2d 614, 624-625 [255 P.2d 785]; *Reynolds* v. *Filomeo*, 38 Cal.2d 5, 11-13 [236 P.2d 801]; *Guerra* v. *Brooks*, 38 Cal. 2d 16, 19-20 [236 P.2d 807].) The case of *Westberg* v.

---

*Section 511 of the Vehicle Code, insofar as pertinent here, provides: "The speed of any vehicle upon a highway in excess of any of the limits specified in this section or established as authorized in this code is prima facie unlawful unless the defendant establishes by competent evidence that any said speed in excess of said limits did not constitute a violation of the basic rule declared in Section 510 hereof at the time, place and under the conditions then existing.

"The prima facie limits referred to above are as follows and the same shall be applicable unless changed as authorized in this code . . .:

"(b) Twenty-five miles per hour:

"(1) In any business or residence district."

*Willde,* 14 Cal.2d 360 [94 P.2d 590], relied on by defendant, may be distinguished because the instruction which was there held erroneous contained language relating to the burden of proof which was applicable only in criminal cases. (*Hazelett* v. *Miller,* 115 Cal.App.2d 801, 807-808 [252 P.2d 997]; *Burch* v. *Valley Motor Lines, Inc.,* 78 Cal.App.2d 834, 848 [179 P.2d 47].)

 There was evidence that the bus was traveling at about 30 miles per hour in a residence district in which signs were posted designating a speed limit of 25 miles per hour, that there was a medium amount of traffic and that there were a number of intersecting streets near the place where the bus came to a sudden stop. Under the circumstances it was proper to give an instruction upon the effect of excessive speed.

 Finally, it is contended that the court erred in refusing to give an instruction on contributory negligence. Defendant concedes that negligence may not be inferred from the mere fact that plaintiff was standing at the stairwell while the bus was in motion, but it claims that she should not have held the vertical bar with her left hand while carrying a bag of groceries in her right arm. Defendant asserts that a sudden application of the brakes would cause a person standing in the position just described to swing to the left in a revolving motion with the vertical bar acting as a pivot, and it argues that plaintiff should have used her left arm to hold the bag of groceries and should have grasped the vertical bar with her right hand in order to "brake her momentum" should the bus come to a sudden stop. Plaintiff, however, was not bound to anticipate that the bus would come to a sudden halt before arriving at the regular stopping place, and it does not appear that the manner in which she steadied herself was inadequate to guard against any normal change of speed of the bus which she might reasonably have expected. The trial court properly concluded that there was no evidence which would support a finding that plaintiff was negligent and the requested instruction was therefore properly refused.

The judgment is affirmed.

Shenk, J., Carter, J., Traynor, J., Schauer, J., and Spence, J., concurred.

Appellant's petition for a rehearing was denied September 17, 1953.