[Civ. No. 18527.   First Dist., Div. Two.   June 3, 1959.]

Estate of OLGA BELL, Deceased.   EDNA EARL GRAPES et al., Appellants, v. HARRY SCHAFFNER et al., Respondents.

Harry M. Gross for Appellants.

Kahle & Adams for Respondents.

O'DONNELL, J. pro tem.*—This is an appeal from a decree of distribution wherein the lower court ordered distribution of all of the property of the above entitled estate to the heirs of decedent, to the exclusion of the heirs of decedent's predeceased spouse.

Olga Bell, the decedent died intestate on October 23, 1955. The administrator of decedent's estate filed, in due course, his petition for distribution in which he alleged that the entire estate was the separate property of decedent and prayed that it be distributed to her heirs. The appellants, as heirs of decedent's predeceased husband Glenn R. Bell, filed objections to the petition and prayed that the estate be distributed in accordance with the provisions of section 228 of the Probate Code. After a hearing, the lower court found that the property of the estate of Olga Bell was her separate property and therefore ordered it all distributed to her heirs.

Glenn and Olga married in 1923. Glenn died in 1936. At the time of his death Glenn and Olga held in joint tenancy real and personal property of the value of $23,661.48. It has been stipulated in this proceeding that said property was community property. At the time of Olga's death in 1955, she left estate appraised at $26,661.12. The estate consisted of jewelry appraised at $490, and cash in the sum of $26,171.12.

Neither Glenn nor Olga left any surviving issue. Appellants are the nieces and nephews of Glenn. Respondents are the

nephew, nieces and sisters of Olga. Section 228 of the Probate Code reads:

"If the decedent leaves neither spouse nor issue, and the estate, or any portion thereof was community property of the decedent and a previously deceased spouse, and belonged or went to the decedent by virtue of its community character on the death of such spouse, or came to the decedent from said spouse by gift, descent, devise or bequest, or became vested in the decedent on the death of such spouse by right of survivorship in a homestead, or in a joint tenancy between such spouse and the decedent or was set aside as a probate homestead, such property goes in equal shares to the children of the deceased spouse and their descendants by right of representation, and if none, then one-half of such community property goes to the parents of the decedent in equal shares, or if either is dead to the survivor, or if both are dead in equal shares to the brothers and sisters of the decedent and their descendants by right of representation, and the other half goes to the parents of the deceased spouse in equal shares, or if either is dead to the survivor, or if both are dead, in equal shares to the brothers and sisters of said deceased spouse and to their descendants by right of representation."

Appellants contend that by virtue of the fact that the property owned by Glenn and Olga at the time of Glenn's death was community property, appellants are, under the provisions of section 228, entitled to succeed to one-half of Olga's estate. The matter is not that simple, for appellants have a further burden which is thus stated in *Estate of Anderson,* 142 Cal.App.2d 391, 392 [298 P.2d 105]:

"The burden is on the heirs of a predeceased spouse seeking to inherit through the estate of the surviving spouse under Probate Code, section 228, to establish that the property was the community property of the spouses and, where the identical property is not found in the estate of the surviving spouse, to prove that specific property in that estate is the proceeds of such community property."

Appellants are frank to admit in their opening brief that, "It is true that an exact tracing of assets from Glenn's estate to the decedent's was not made, . . ." They contend, however, that *Estate of Rattray,* 13 Cal.2d 702 [91 P.2d 1042], *Estate of Taitmeyer,* 60 Cal.App.2d 699 [141 P.2d 504], *Estate of Ball,* 92 Cal.App.2d 93 [206 P.2d 1111], and *Estate of Jolly,* 196 Cal. 547 [238 P. 353] are authority for the proposition that the heirs of the predeceased spouse are not

required to trace the property from the first estate into the second estate in order to share in distribution of the second estate. None of those cases so holds. In fact, quite to the contrary, it is stated in *Estate of Rattray, supra,* at pages 705-706, that "If no evidence of probative value was offered by respondents in proof of the fact that the source of this property was the community property of the spouses, respondents would necessarily fail to establish their right to inherit by virtue of their relationship to the predeceased spouse of the decedent." *Estate of Taitmeyer, supra,* was not at all concerned with the problems of tracing assets and is therefore not in point. That case involved the right of a child of one of the spouses to inherit the whole of the estate as against the collateral heirs of the other spouse. Neither was *Estate of Ball, supra,* concerned with tracing assets. The only issue involved in that case was whether section 228 applied to property acquired in a common law state. *Estate of Jolly, supra,* does not hold that it is unnecessary to trace the assets of the first estate into the second estate. The court merely held in that case that all of the evidence pointed to the conclusion that all of the property in the hands of the surviving spouse was acquired during the marriage as community property.

The only circumstance in the instant case that might possibly give rise to an inference that Glenn's estate was the source of Olga's estate was the similarity of the appraised values of the two estates. Whether that single circumstance would warrant the drawing of such an inference we need not decide, for the fact is that the trial court rejected such inference. ". . . whether a particular inference shall be drawn is a question of fact for the [trier of fact], even in the absence of evidence to the contrary." (*Hardin* v. *San Jose City Lines, Inc.,* 41 Cal.2d 432, 436 [260 P.2d 63].)

Moreover, opposed to such circumstance was the evidence introduced by respondent to the effect that Olga had, after Glenn's death, been variously employed as a seamstress, an apartment house manager, and in the real estate business.

We conclude that the trial court was fully warranted in concluding that appellants had not sustained their burden of proof, and in finding that Olga's entire estate was separate property.

The judgment is affirmed.

Dooling, Acting P. J., and Draper, J., concurred.